UNITED STATES, Appellant

v

JOHN CARROLL LEGGIO, Seaman, U. S. Navy, Appellee

12 USCMA 319, 30 CMR 319

No. 14,282

Decided April 28, 1961

*Lieutenant Harold J. Wallum*, USN, argued the cause for Appellant, United States.

*Lieutenant Colonel E. W. Johnson*, USMC, argued the cause for Appellee, Accused.

## Opinion of the Court

HOMER FERGUSON, Judge:

This case is before us for the second time. Originally, we reversed the decision of the board of review and ordered a rehearing on the sentence because of the trial counsel's interjection into the post-findings proceedings of a policy message regarding the removal of certain classes of individuals from the service. United States v Leggio, 12 USCMA 8, 30 CMR 8. The rehearing on sentence was held in accordance with our mandate. Trial counsel made an argument urging the imposition of a punitive discharge and referring to many factors which he thought the members of the court should consider in determining an appropriate penalty. Thereafter, the accused was sentenced to bad-conduct discharge, confinement at hard labor for three months, and

forfeiture of $50.00 per month for three months. The convening authority and the supervisory authority approved the sentence. The board of review, however, eliminated the bad-conduct discharge and affirmed only so much of the punishment as provided for confinement at hard labor and forfeitures. The Acting The Judge Advocate General of the Navy has certified the following question with respect to that affirmance:

"Was the Board of Review correct in holding the argument of trial counsel was prejudicial to the accused?"

The board of review opinion quoted extensively from the trial counsel's argument and then made the following comment:

"Paragraph 75, pages 120, 121, Manual for Courts-Martial, 1951,

**319**

provides that an accused may either make an unsworn statement in mitigation or have his counsel make such statement for him; that such unsworn statement is not evidence and the accused cannot be cross-examined thereon but the prosecution may rebut statements of fact therein by evidence. It is apparent that trial counsel, who no doubt was over-zealous beyond the call of duty, went beyond the point of propriety in his rebuttal. Matter in mitigation has for its purpose the lessening of punishment to be assigned by the court or the furnishing of grounds for a recommendation for clemency. (Paragraph 75c(4), MCM, 1951.) It has been said: 'With respect to the trial counsel he is the legal representative of both the accused and the government and it is his duty to treat the accused in a fair and impartial manner in his arguments to the court. However, not every remark in argument by trial counsel is ipso facto improper and prejudicial. Of necessity, each case must rest on its own merits.' (United States v Weller, 18 CMR 473, and cases cited therein.) *It is difficult to hold the above remarks of trial counsel as being fair and impartial. The Board cannot guess as to whether the improper remarks could have reasonably affected the deliberations of the court on the sentence.* The court awarded the maximum under the limitations imposed by reason of the previous action of the convening authority. *Thus, to say the accused was or was not prejudiced would be mere conjecture upon our part.*

"Accordingly, the findings of guilty and only so much of the sentence approved on review below as provides for forfeiture of $50.00 per month for three months and confinement at hard labor for three months are affirmed." [Emphasis partially supplied.]

The opinion was apparently written by Board Member Hamilton. Member Davis dissented on the basis that the trial counsel's argument was not " 'ipso facto improper and prejudicial,' " and indicated that he would affirm the entire sentence. Member Tyson, without publishing an opinion, concurred only in the result reached by Member Hamilton.

Our reading of Member Hamilton's opinion convinces us that no decision was ever made by a majority of the board concerning whether prejudice flowed from the trial counsel's argument. Rather, its author ambiguously concluded that the board "cannot guess" whether the allegedly improper remarks "could have reasonably affected the deliberations of the court on the sentence," and added "to say the accused *was or was not prejudiced* would be mere conjecture on our part." (Emphasis supplied.) More pointedly, Member Tyson concurred only in the reduction of the sentence and did not join in the expression of Member Hamilton's views concerning the trial counsel's argument. Hence, these form no part of the board's conclusion. Thus, it appears that the practical result reached by the board of review was the elimination of the punitive discharge on the basis of appropriateness, the only ground available to it aside from the question of legal error which, as noted above, does not appear to have been resolved finally even by the opinion's author. We are, therefore, inclined to conclude that the certificate of the Acting The Judge Advocate General does not present a question which we are empowered to review. United States v Bedgood, 12 USCMA 16, 30 CMR 16; United States v Higbie, 12 USCMA 298, 30 CMR 298; United States v Foti, 12 USCMA 303, 30 CMR 303.

We pause, however, to suggest that boards of review would materially assist both The Judge Advocates General and this Court in the completion of appellate processes if the basis for the decision which they ultimately reach was clearly indicated, particularly with respect to the sentence. Labels, of course, do not always have controlling significance, but they frequently eliminate differences of opinion and prevent useless appeals by allowing all to note at the outset whether an issue is reviewable. See, for example, United States v Gebhard, 11 USCMA 765, 29

CMR 581, and United States v Moreno, 5 USCMA 500, 18 CMR 124.

The certificate of the Acting The Judge Advocate General is dismissed.

Chief Judge QUINN concurs.

LATIMER, Judge (dissenting):
I dissent.

I cannot agree with the reasoning found in the opinion of the board of review that the rebuttal argument of trial counsel went beyond the limits of proper advocacy. He was fairly answering the observations of defense counsel on the quantum of punishment which the court-martial could suitably impose and, as we have often stated, while he may not strike foul blows, certainly he is at liberty to strike hard ones. See United States v Doctor, 7 USCMA 126, 21 CMR 252; United States v Allen, 11 USCMA 539, 29 CMR 355. If that principle stands for anything, then trial counsel can argue zealously, in a case which involves convictions for larcenies from both the Government and a fellow-seaman, that separation from the service by a punitive discharge is appropriate. Enthusiasm for his cause is not to be condemned, and I find these words of wisdom by the Supreme Court of the United States in Dunlop v United States, 165 US 486, 498, 41 L ed 799, 17 S Ct 375 (1897), which I believe to be apropos in this case:

> ". . . If every remark made by counsel outside of the testimony were ground for a reversal, comparatively few verdicts would stand, since, in the ardor of advocacy and in the excitement of trial, even the most experienced counsel are occasionally carried away by this temptation."

See also Di Carlo v United States, 6 F2d 364 (CA 2d Cir) (1925).

Neither can I agree with my associates that a majority of the board of review did not find both error and prejudice. Conceding that the principal opinion lacks erudition, the action taken points unerringly to a purging of prejudice rooted in the asserted unfairness of trial counsel. In that connection, two members joined in eliminating the punitive discharge, and the only issue appearing of record is that alleged error. Obviously, the member who concurred in result did not adopt the rationale of the author member, but he must have had some reason for reducing the sentence and, had he been limiting his consideration to matters which properly influence the appropriateness of sentence, it would have been a simple matter for him to have so stated. Certainly, in the absence of comments to the contrary, I assume he gave consideration to the only issue which divided the board and not to some conjectural matters. Moreover, I find evidence in the record which proves to my satisfaction that neither he nor the author member were passing on the fitness of sentence absent prejudice. This case, without significant change in facts, has been twice considered by them, and the record shows that on the first review they found no error and concluded that an identical sentence was appropriate. On this second review, when they grappled with the prejudicial effect of trial counsel's argument, that part of the sentence adjudging a bad-conduct discharge was eliminated. Significantly, that was the ingredient accentuated by trial counsel in his argument. From that it seems to follow naturally that they were reducing the sentence to purge the prejudice flowing from the alleged error and not because, on a review of the entire record, they concluded the nature of the two larcenies and the accused's record rendered the punitive discharge improper.

In addition to the foregoing, Article 59 of the Uniform Code of Military Justice, 10 USC § 859, provides that a sentence of a court-martial shall not be held incorrect on an error of law unless the error materially prejudices the substantial rights of the accused. Assuming for this part of my presentation that the concurring member properly based his concurrence on appropriateness, absent a finding by the author member that there was prejudice, I can find no reason to justify the action taken by the latter. Rather than assume a complete void in his reasoning, I conclude he intended to say that when the record is doubtful about whether an

accused is harmed, he resolves the doubt in favor of an accused and finds prejudice. He thereupon takes action to correct the injustice. If that was his approach to the problem, then he erred, for the foundation for that rule is legal error, and here there is no impropriety. Therefore, if his reasoning was faulty, the most that can be said for the board's opinion is that there is no proper reassessment of sentence by a majority of the members.

One other matter bears comment. The Court's opinion makes reference to the desirability of boards of review stating their position more clearly. With that I agree, but when a board member discusses an issue such as this, I conclude he is not writing an advisory opinion. Rather, I suspect, in the absence of some reservation, that he is using his rationalization to support his results. But whether I am correct in my conclusion or my associates make a proper analysis of the opinion, there is sufficient doubt about the question to compel a return of this record to the board for clarification.

Accordingly, I would return the record to the board of review with instructions to reconsider the appropriateness of sentence without the erroneous conclusion that trial counsel erred.