**UNITED STATES, Appellant,**

v.

**John Henry LESLIE, Seaman Recruit, U. S. Navy, Appellee.**

No. 39,148.

NCM 79–0262.

U. S. Court of Military Appeals.

June 8, 1981.

For Appellee: *Lieutenant Thomas P. Murphy*, JAGC, USNR (argued); *Commander S.*

*Gaeta, Jr.*, JAGC, USN, *Lieutenant David S. Durbin*, JAGC, USNR, *Lieutenant Steven A. Curlee*, JAGC, USNR (on brief).

For Appellant: *Captain John P. Hertel*, USMC (argued); *Commander T. C. Watson, Jr.*, JAGC, USN (on brief).

OPINION OF THE COURT

COOK, Judge:

By divided vote, the United States Navy Court of Military Review terminated accused's case by setting aside findings of guilty of five specifications of larceny and dismissing the charge under which they were lodged. *United States v. Leslie*, 9 M.J. 646. Pursuant to Article 67(b)(2), Uniform Code of Military Justice, 10 U.S.C. § 867(b)(2), the Acting Judge Advocate General of the Navy certified the decision to this Court for review of a specified question.[1] Relying upon *United States v. McGlothing*, 14 U.S.C.M.A. 392, 34 C.M.R. 172 (1964), the accused has moved to dismiss the certificate on the ground that the specified question presents no justiciable issue. Upon consideration of the pleadings and the oral arguments of counsel, we deny the motion.

In *McGlothing*, two members of the Board of Review (now Court of Military Review) acted on the accused's case; the third member was absent and did not participate. On his pleas of guilty, the accused had been convicted of, among other offenses, 34 specifications of forgery and 1 specification of wrongful possession of an identification card. Except as to the wrongful possession offense, the board affirmed all the findings of guilty. As to the excepted offense, one member wrote an opinion setting out his determination that the specification did not state facts sufficient to allege the offense charged; and he stated that the findings of guilty thereon were "invalid." The concluding paragraph of the opinion approved the other findings of guilty and the sentence. The second member of the board concurred only in the

---

1. *United States v. Leslie*, 9 M.J. 67 (C.M.A. 1980).

result. The Acting Judge Advocate General of the Navy asked this Court to determine whether "the Board of Review [was] correct in holding that the specification . . . failed to allege an offense." Remarking on the character of the special concurrence of the second member, the Court said: "There is, therefore, no holding *by the board* that the specification . . . did not allege an offense," and, therefore, the certificate for review presented "no certifiable issue." *Id.* at 393, 34 C.M.R. at 173. In support of this summary assessment of the issue, the Court cited *United States v. Leggio*, 12 U.S.C. M.A. 319, 30 C.M.R. 319 (1961).

*Leggio* elucidates the *McGlothing* holding. As in *McGlothing*, two members of the board of review joined in the disposition.[2] Also, as in *McGlothing*, one member wrote an opinion, while the other concurred only in the result expressed in that opinion. When the decision was certified to this Court for review, the Court divided as to the meaning of the concurrence in result by the second member of the board of review whose vote was necessary to the validity of the board's disposition of the case.

Judge Latimer maintained that when only a single legal issue is before the tribunal, a concurrence in result represents agreement with the legal determination expressed in the written opinion of the other member.[3] A majority of the Court, however, held that a concurrence in result in respect to the written opinion of another member of the tribunal does not necessarily constitute agreement with "the expression of . . . views" in that opinion. The Court went on to point out that, "aside from the question of legal error," the disposition directed by the board could simply have been "the practical result" of the board's authority to reassess a sentence for "appropriateness." As this Court may not "only with respect to matters of law"[4] and a decision

on the appropriateness of a sentence does not normally represent a matter of law, the Court concluded that the certificate for review presented no "question . . . [the Court was] empowered to review." *Id.* at 320, 30 C.M.R. at 320.

What transpired here is different from what occurred in *McGlothing* and *Leggio*. In the latter cases, one of the two judges who joined in the disposition of the case gave no reason for concurring in the result. Here, the second judge particularized the predicate for his vote; his predicate was a perceived legal error different from that found by the first judge. *United States v. Leslie*, 9 M.J. 646 (N.C.M.R.1980). Further, the joinder of the two perceived legal errors produced dismissal of all the offenses of which the accused had been convicted, not simply an agreement on an appropriate sentence.

A Court of Military Review cannot dismiss all charges against an accused for reasons unsupported by the record of trial. *United States v. Waymire*, 9 U.S.C. M.A. 252, 26 C.M.R. 32 (1958). Here, each of the two judges who agreed on dismissal of the charges did so for a different legal reason. As both votes were essential to attainment of a majority decision, the incorrectness, as a matter of law, of either reason vitiates the majority. The Acting Judge Advocate General has asked review of the legal correctness of the first member's determination "that a fatal variance" exists but not that of the second judge, who determined that "reversal [was] mandated for failure of the evidence" to support the findings of guilty. *United States v. Leslie, supra* at 655. The complexities inherent in review of factual determinations by a Court of Military Review may have dissuaded the Acting Judge Advocate General from including the second issue.[5] Whatever the reason, however, the omission does not

---

2. The third judge of the board of review was not absent as was the judge in *United States v. McGlothing*, 14 U.S.C.M.A. 392, 34 C.M.R. 172 (1964).

3. *United States v. Leggio*, 12 U.S.C.M.A. 319, 321, 30 C.M.R. 319, 321 (1961) (Latimer, J., dissenting).

4. Article 67(d), Uniform Code of Military Justice, 10 U.S.C. § 867(d).

5. *See United States v. Remele*, 13 U.S.C.M.A. 617, 33 C.M.R. 149 (1963); *United States v.*

change the fact that if this Court determines that no fatal variance exists between pleading and proof that ruling will have a material effect on the decision of the Court of Military Review. *Compare United States v. Clay*, 10 M.J. 269 (C.M.A.1981), *with United States v. Gilley*, 14 U.S.C.M.A. 226, 34 C.M.R. 6 (1963). We conclude, therefore, that a justiciable issue is present, and we deny the motion to dismiss.

Chief Judge EVERETT concurs.

FLETCHER, Judge (dissenting):

This matter is before this Court on motion of the appellee, the accused. The motion goes to the question certified by the acting Judge Advocate General of the Navy concerning action taken by the United States Navy Court of Military Review in this case. That court reversed the appellee's conviction.

The certified question is as follows:

Considering that the majority of the U. S. Navy Court of Military Review found the accused's conviction to be otherwise unassailable, *was the lead opinion* correct in the determination that *United States v. Craig*, 8 U.S.C.M.A. 218, 24 C.M.R. 28 (1957) was wrongly decided and that a fatal variance occurred in this case between the pleadings and proof of ownership of the property allegedly stolen thereby requiring reversal of the conviction?

(Emphasis added.)

The appellee's motion asserts that there is no certifiable issue of law raised by the holding of the Navy Court of Military Review for this Court to review. The certified question, he argues, relates only to the opinion of one judge and therefore falls within the rationale of *United States v. McGlothing*, 14 U.S.C.M.A. 392, 34 C.M.R. 172 (1964). The prayer of the motion is to dismiss the certified issue.

It is important that the short opinion in *United States v. McGlothing, supra*, be dis-

sected. The germane part of the opinion is set forth below:

> The Acting Judge Advocate General of the Navy has certified its decision to this Court upon the following question:
>
> "Was the Board of Review correct in holding that the specification under Charge IV failed to allege an offense?"
>
> A study of the board's action reveals that only the opinion of Member Ryan refers to the failure of the specification of Charge IV to allege an offense. Member Groom was absent, and Member Hendry concurred only in the result reached by Member Ryan. Compare *United States v. Cudd*, 6 USCMA 630, 20 CMR 346. There is, *therefore, no holding by the board that the specification of Charge IV did not allege an offense, and no certifiable issue is presented.* United States v. Leggio, 12 USCMA 319, 30 CMR 319.

(Emphasis added.)

I note first, that even though that certified question stated that the Board of Review had made the holding in question, this Court looked at the opinion and determined that only one member had spoken to the issue certified. Of further interest is the comment to "[c]ompare *United States v. Cudd*, 6 U.S.C.M.A. 630, 20 CMR 346." In that case this Court, with only two judges sitting, each writing an opinion antithetical to the other, arrived at the same disposition. The only reason for the "compare" was to show that no agreement as to the specific question could be reached and, accordingly, no precedential law was decided.

*United States v. Leggio*, 12 U.S.C.M.A. 319, 30 C.M.R. 319 (1961), was also in answer to a certified question.[1] There, one member of the Board of Review had found government's closing argument prejudicial, one member had dissented and the third member concurred in the result without opinion. A majority of this Court "conclude[d] that the certificate of the Acting The Judge Advocate General does not

*Holland*, 12 U.S.C.M.A. 444, 31 C.M.R. 30 (1961).

---

1. "Was the Board of Review correct in holding the argument of trial counsel was prejudicial to the accused?" *United States v. Leggio*, 12 U.S.C.M.A. 319, 30 C.M.R. 319 (1961).

present a question which we are empowered to review." *Id.* at 320, 30 C.M.R. at 320. More particularly, under these circumstances, there was no legal holding by the Board and its implied ruling on sentence appropriateness was outside the scope of this Court's review authority.

Looking now to the certified question under consideration here, it should be observed that the first clause of the question is inaccurate. Judge Baum, constituting half the majority as to disposition, did assail the appellee's conviction for a reason other than *United States v. Craig,* 8 U.S.C.M.A. 218, 24 C.M.R. 28 (1957).[2] The question of whether *Craig* was wrongly decided by this Court was not a holding of a majority of the judges of the Court of Military Review. It was the holding of only one judge.[3] Judge Baum specifically disassociated himself from his Brother's opinion[4] and the third judge filed a dissent.[5] Like *United States v. Cudd, supra,* there is no determination of law as to the vitality of *Craig* by the Court of Military Review.

*United States v. Waymire,* 9 U.S.C.M.A. 252, 26 C.M.R. 32 (1958), stands solely for the proposition that a Board of Review (now Court of Military Review), unlike a convening authority, cannot set aside findings of guilty as a matter of discretion without finding them incorrect in law or in fact. This statement of the meaning of *Waymire* differs greatly from that expressed by my Brother, especially in light of the Court of Military Review's decision in this case. Moreover, in *Waymire,* the members of the Board of Review sidestepped the issues of law and fact in reaching their decision. Here, two judges of the intermediate court each set aside the findings of guilty by finding them incorrect in law.

True, the judges took different routes, but this Court in *McGlothing* and *Leggio* assumed that the vote in each of those cases of one judge concurring in the result was for reasons different from those stated in the lead opinion. If this were not their assumption, there would have been a holding by the then Board of Review reviewable by this Court. Such was not the result of the *McGlothing* and *Leggio* opinions.

My Brother's next comment is, "[a]s both votes were essential to attainment of a majority decision, the incorrectness, as a matter of law, of either reason vitiates the majority." 11 M.J. at 132. First, only one question of law is before us. It is true if that question is heard by this Court and found wanting, it would vitiate the decision of the intermediate court. So too, if this Court in *United States v. McGlothing, supra,* and *United States v. Leggio, supra,* had heard the certified question and found the respective lead opinions wanting, the same situations would have existed. There is nothing new presented in the appellee's case.

I will not comment on my Brothers' conclusion that the Acting Judge Advocate General of the Navy cannot handle '[t]he complexities inherent in review of factual determinations by a Court of Military Review," 11 M.J. at 132, but will proceed to the majority's next conclusion, namely, that if this Court determines that no fatal variance exists between pleading and proof that ruling will have a material effect on the decision of the Court of Military Review.

I believe if this Court in *United States v. McGlothing, supra,* had determined that Charge IV did allege an offense, that ruling would have had a material effect on the decision of the then Board of Review. I further believe that if this Court in *United States v. Leggio, supra,* had determined that the argument of trial counsel was not prejudicial to the accused, that ruling would have had a material effect on the decision of the then Board of Review.

I conclude there is no question of law to be presented to this Court. I can find no reason to deviate from this Court's longstanding law as set forth in *United States v. McGlothing, supra.*

I would grant the motion to dismiss.

2. *United States v. Leslie,* 9 M.J. 646 (N.C.M.R. 1980).

3. *See id.* at 654.

4. *See id.* at 65.

5. *See id.* at 656.