UNITED STATES, Appellee

v.

EVERETT D. HOPF, Private First Class, U. S. Army, Appellant

1 USCMA 584, 5 CMR 12

No. 372

Decided August 14, 1952

LT. COL. George E. Mickel, USA, for Appellant.

LT. COL. Thayer Chapman, USA, and 1ST. LT. Richard L. Brown, USA, for Appellee.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

The accused, upon trial by general court-martial in Korea, pleaded not guilty to but was found guilty of assault with intent to do bodily harm with a dangerous weapon in violation of Article of War 93, 10 USC § 1565. The court sentenced him to dishonorable discharge, total forfeiture of pay and allowances and confinement for three years. Army reviewing authorities have upheld the findings and sentence. The Judge Advocate General has certified the case to us on the issue of whether the findings were fatally variant from the specification. In addition, we have granted the petition filed by accused, limited to the issue concerning the instructions of the law officer on the elements of the offense.

The accused was tried on the following specification: "In that, Private First Class Everett D. Hopf, Battery C, 11th Field Artillery Battalion, did at or near Chin Dong Ni, Korea, on or about 13 May 1951, with intent to do bodily harm commit an assault upon Han Sun U, a Korean male, by striking him on the body with a dangerous weapon to wit: a .30 calibre carbine." The court found the accused guilty of the offense described in the specification except the words "Han Sun U, a" substituting therefor "an unknown." The procedure followed in making this exception and substitution is in accordance with paragraph 74b of the Manual for Courts-Martial, United States, 1951. That paragraph provides that "one or more words or figures may be excepted and, when necessary, others substituted, provided the facts as so found constitute an offense by an accused which is punishable by the court, and provided that such action does not change the nature or identity of any offense charged

**585**

in the specification or increase the amount of punishment that might be imposed for any such offense." It is clear that the exception and substitution did not change the fundamental nature of the offense charged. With or without the words concerned, the specification alleged an assault with intent to do bodily harm with a dangerous weapon. The only question is whether the "nature or identity" of the offense was changed. Or, to put it in the words used in the certified issue, did the change in the specification bring about a fatal variance? We think not.

It is certainly true that, at a time in the development of the common law, extreme emphasis was placed by the courts on the use of precise and technical language in both indictments and verdicts. As a result of this elevation of form over substance, the doctrine of variance was widely and strictly applied. See State v. Ewing, 67 Wash 395, 121 P 834. Today, however, the rule is otherwise. The law is not so much concerned with the words used as with elemental concepts of justice. It is universally held that a variance is not fatal unless it operates to substantially prejudice the rights of the accused. See United States v. Schultz (No. 394), 1 USCMA 512, 4 CMR 104, decided August 5, 1952; United States v. Hutcheson, 312 US 219, 85 L ed 788, 61 S Ct 463; Berger v. United States, 295 US 78, 79 L ed 1314, 55 S Ct 629; United States v. Rosenblum, 176 F2d 321 (CA 7th Cir); Mathews v. United States, 15 F2d 139 (CA 8th Cir). In assessing the element of prejudice, the Federal courts have adhered to a dual test: (1) has the accused been misled to the extent that he has been unable adequately to prepare for trial, and (2) is the accused fully protected against another prosecution for the same offense? Cromer v. United States, 142 F2d 697, 698 (CA, DC Cir); Bennett v. United States, 227 US 333, 338; Jackson v. United States, 297 Fed 20 (CA 8th Cir); Ferrari v. United States, 169 F2d 353, 354 (CA 9th Cir).

In this case, the accused was charged with assulting one Han Sun U, a Kore-

an male. He was found guilty of assaulting an unknown Korean male. This finding properly resulted from the failure of the prosecution to establish the victim's name by proof presented at the trial. The record discloses that the victim was unable to appear as a witness due to his injuries and that the only witnesses to the assault were two American soldiers, neither of whom knew the victim. The specification alleges that a particularly described assault took place on a certain day in the vicinity of Chin Dong Ni, Korea. Omitting the name of the victim, these details as alleged in the specification were sufficient to apprise the accused of the offense with which he was charged. It is extremely doubtful whether, under the circumstances of cases of this type in Korea, the assailant will know the name of his victim. That fact is, therefore, of little consequence and it is difficult to see how a failure to name any particular person could have prejudiced the accused in the preparation of his defense.

Turning to the second branch of the test of prejudice, we find no merit in the suggestion that this accused is not adequately protected against a second trial for the same offense. In assessing the probabilities of double jeopardy under this test, we are required to take the allegations of the specification together with the evidence of record. United States v. Marker (No. 281), 1 USCMA 393, 3 CMR 127, decided May 19, 1952; United States v. Emerson (No. 77), 1 USCMA 43, 1 CMR 43, decided November 14, 1951; see Federal cases cited supra. As already noted, the specification alleges that an assault upon a Korean male with a .30 caliber carbine occurred in the vicinity of Chin Dong Ni, Korea, on May 13, 1951. The evidence established that the victim of the assault was a young Korean male, about 21 years of age, with peculiarly spotted white hair. The location of the assault was described with particularity by several prosecution witnesses, and the circumstances of the assault itself were given in detail by eyewitnesses. A medical examination report concerning the injuries was received in evidence. In view of

the specificity of proof of the description of the person assaulted, the location and time of the incident, and the nature of the injuries, it is difficult to perceive wherein the accused would have any difficulty through use of the charge, specification, and record of trial, in preventing a second prosecution for the same offense. See United States v. Roman (No. 191), 1 USCMA 244, 2 CMR 150, decided March 19, 1952; United States v. Jarvis (No. 94), 1 USCMA 368, 3 CMR 102, decided May 6, 1952.

Consideration of both branches of the test convinces us that this accused was not prejudiced by the variance in question. In deciding this issue, we have given careful consideration to the service decisions cited by counsel as requiring reversal for fatal variance here. Many of these decisions involve entirely distinguishable factual situations. Because the test of prejudice requires assessment of the offense, the specification, and all the evidence, it is obvious that each decision on this question of variance must depend to a great extent upon the facts of the individual case. We find no real disagreement in the cited board of review decisions upon the fundamental rule of and test for fatal variance. However, insofar as any of those decisions may indicate a more strict application of the rule than is set forth here, we must indicate quite clearly our disagreement with that rationale. We perceive no necessity for giving undue weight to formal deviations where it is quite apparent from the record that the accused was in no way prejudiced thereby. The question certified is answered in the negative.

The second issue relates to the instructions by the law officer on the elements of the offense charged. It will be recalled that the offense was assault with intent to commit bodily harm with a dangerous weapon. This offense is discussed in paragraph 180l of the Manual for Courts-Martial, supra, and the law officer gave his instruction substantially in the language of the portion of that paragraph labelled "proof." The law officer stated that the elements were: "That the accused assaulted a certain man with a certain weapon, instrument or thing. And that the facts and circumstances indicated that the weapon as pertains was used in a manner as likely to produce death or great bodily harm." We have already made it abundantly clear that this offense contemplates a specific intent to commit bodily harm, which essential element must be included in the law officer's instructions. United States v. Cromartie (No. 374), 1 USCMA 551, 4 CMR 143, decided August 6, 1952. The holding in that case requires us to set aside this finding.

The decision of the board of review is reversed and the case is remanded to The Judge Advocate General for rehearing or other action consistent with this opinion.

Judges LATIMER and BROSMAN concur.