UNITED STATES, Appellee

v

WILLIAM B. CRAIG, Sr., Chief Warrant Officer,
U. S. Army, Appellant

8 USCMA 218, 24 CMR 28

No. 9510

Decided September 6, 1957

First Lieutenant Lawrence R. Fullem argued the cause for Appellant, Accused. With him on the brief was Lieutenant Colonel James M. Scott and First Lieutenant Bert M. Gross.

Captain Thomas J. Nichols argued the cause for Appellee, United States. With him on the brief was Lieutenant Colonel Thomas J. Newton.

Opinion of the Court

Homer Ferguson, Judge:

At various times not here relevant, the accused, as Savings and Insurance Officer for the United States Army Hospital, Fort Rucker, Alabama, received sums of money from enlisted personnel for deposit in the respective soldiers' deposits accounts. The amounts received by the accused were never turned over to the disbursing officer as required by regulation nor were the amounts ever credited to the individual accounts. The accused attempted to explain the shortages. He testified that upon ac-cepting the monies, he placed the various sums in separate sealed envelopes and then into one large envelope. The large envelope was then placed in the headquarters safe over which he was assistant custodian. Several weeks later the envelope was removed from the safe by the safe's custodian and placed on the accused's desk. As a result of inadequate office personnel and an increase in the office workload, the matter "slipped" the accused's mind and the monies were never turned over as required. Approximately a month later

the accused was advised that a shortage existed in the individual depositor's accounts. A search of the personnel office and the immediate surroundings failed to disclose the missing envelope.

In spite of his plea of not guilty, the accused was convicted of four specifications of larceny in violation of Article 121, Uniform Code of Military Justice, 10 USC § 921, and three specifications alleging violations of a lawful general regulation, by failing to deposit with the disbursing officer within twenty-four hours the monies received, in contravention of Article 92, Uniform Code of Military Justice, 10 USC § 892. The board of review affirmed the conviction. We granted review to decide the sole issue of whether the law officer had erred in denying defense motion for a finding of not guilty of the larceny specifications because of a variance between the pleadings and the proof of ownership.

The larceny specifications alleged ownership of the sums stolen in the individual soldier-depositors. After the Government had rested its case, trial defense counsel made a motion for a finding of not guilty based on a claim that a variance existed between the pleadings and the proof. He contended that though ownership was alleged in the individuals, the evidence showed "that the property was the property of the United States of America, and was deposited to the United States of America, for soldiers' deposit." Although conceding that the "point is entirely a technical one," defense counsel likened the instant situation to that prevailing in banking circles whereupon, on receipt of deposits, "the ownership of the property passes to the person to whom it is delivered." The law officer denied the defense motion without objection from any member of the court.

The defense, in presenting its case, sought to show that the accused had been kept extremely busy in the performance of his duties, and that the office, though short of personnel, conducted a large volume of official business. It was as a result of this heavy workload, that the funds which the accused was charged with having stolen

were misplaced. The board of review, in its decision, concluded that "the property or right to possession of the money involved was in each instance in the United States, and should have been so alleged." This holding was based on the fact that:

". . . the accused, as a duly authorized agent for the Government, accepted the monies on its behalf for deposit, a debtor-creditor relation between the Government and the soldier was created whereby the soldier as a general creditor lost all claim to the *specific* money deposited, title thereto having passed to the Government."

The variance, however, was held nonfatal because the accused had not been misled in his defense and because the conviction constituted a bar to further prosecution for the same acts. We agree with the result reached by the board of review.

The Government in its brief contends that inasmuch as the sums collected by the accused were never turned over to the disbursing officer, they remained the individual property of each depositor and hence no variance existed. Appellate defense counsel, on the other hand, take an opposite position. We deem it unnecessary to decide this question since the variance, if any, was of a nonfatal variety. Assuming, however, that the analysis of the board of review is correct and that a variance in fact existed, the critical question is one of prejudice. The Supreme Court of the United States, in the leading and oft-cited case of Berger v United States, 295 US 78, 55 S Ct 629, 79 L ed 1314, in holding that a variance between indictment and the proof was immaterial, said:

"The true inquiry, therefore, is not whether there has been a variance in proof, but whether there has been such a variance as to 'affect the substantial rights' of the accused. The general rule that allegations and proof must correspond is based upon the obvious requirements (1) that the accused shall be definitely informed as to the charges against him, so that he may be enabled to present

**219**

his defense and not be taken by surprise by the evidence offered at the trial; and (2) that he may be protected against another prosecution for the same offense. Bennett v. United States, 227 U.S. 333, 338, 33 S. Ct. 288, 57 L. Ed. 531; Harrison v. United States (C. C. A.) 200 F. 662, 673; United States v. Wills (C. A. A.) 36 F. (2d) 855, 856, 857. Cf. Hagner v. United States, 285 U. S. 427, 431–433, 52 S. Ct. 417, 76 L. Ed. 861.

•   •   •   •   •

"In Washington & Georgetown R'd v. Hickey, 166 U. S. 521, 531, 17 S. Ct. 661, 665, 41 L. Ed. 1101, this court said that 'no variance ought ever to be regarded as material where the allegation and proof substantially correspond, or where the variance was not of a character which could have misled the defendant at the trial.' This was said in a civil case, it is true, but it applies equally to a criminal case if there be added the further requisite that the variance be not such as to deprive the accused of his right to be protected against another prosecution for the same offense. See Meyers v. United States (C. C. A.) 3 F. (2d) 379, 380; Mansolilli v. United States (C. C. A.) 2 F. (2d) 42, 43." [Emphasis supplied.]

In United States v Hopf, 1 USCMA 584, 5 CMR 12, the accused was convicted of aggravated assault upon a specified Korean male. The court-martial's findings, however, excepted the name of the victim and substituted the words "an unknown" in its place. It was contended before this Court that this constituted a fatal variance. In rejecting this contention, Chief Judge Quinn, speaking for a unanimous Court, said:

"It is certainly true that, at a time in the development of the common law, extreme emphasis was placed by the courts on the use of precise and technical language in both indictments and verdicts. As a result of this elevation of form over substance, the doctrine of variance was widely and strictly applied. See State v. Ewing, 67 Wash 395, 121 P 834. To-

day, however, the rule is otherwise. The law is not so much concerned with the words used as with elemental concepts of justice. It is universally held that a variance is not fatal unless it operates to substantially prejudice the rights of the accused. See United States v. Shultz (No. 394), 1 USCMA 512, 4 CMR 104, decided August 5, 1952; United States v Hutcheson, 312 US 219, 85 L ed 788, 61 S Ct 463; Berger v. United States, 295 US 78, 79 L ed 1314, 55 S Ct 629; United States v Rosenblum, 176 F 2d 321 (CA 7th Cir); Mathews v. United States, 15 F2d 139 (CA 8th Cir). In assessing the element of prejudice, the Federal courts have adhered to a dual test: (1) has the accused been misled to the extent that he has been unable adequately to prepare for trial, and (2) is the accused fully protected against another prosecution for the same offense? Cromer v. United States, 142 F2d 697, 698 (CA, DC Cir); Bennett v. United States, 227 US 333, 338; Jackson v. United States, 297 Fed 20 (CA 8th Cir); Ferrari v. United States, 169 F2d 353, 354 (CA 9th Cir)."

In Federal criminal procedure variance as to ownership in larceny cases no longer has the importance which it once had at common law. "It now spoils a trial only when the substantial rights of the accused are impaired; and his rights to a correct accusation are generally said to be to have sufficient information as to the charge against him, and protection against being again placed in jeopardy." England v United States, 174 F2d 466, 468 (CA5th Cir) (1949). Only when it is shown that "substantial prejudice to the accused resulted therefrom" will a variance be, deemed prejudicial. Loper v United States, 160 F2d 293 (CA10th Cir) (1947). Judge Learned Hand, in United States v Cohen, 145 F2d 82 (CA2d Cir) (1944) (cert den, 1945), stated the rule to be that a variance between an indictment and the proof is material only when it is shown that "practical prejudice resulted to the accused from such a variance." See also Panella v United States, 140 F2d 71 (CA4th Cir)·

(1944); Cromer v United States, 142 F2d 697 (CA DC Cir) (1944) (cert den, 1944); and Ferrari v United States, 169 F2d 353 (CA9th Cir) (1948).

Turning to the instant case, an examination of the entire record discloses that no substantial prejudice to the accused resulted therefrom. He was informed of the nature of the charges against him so that he was enabled to fully prepare and present his defense. He was neither surprised nor misled at the trial and he is adequately protected against another prosecution for the same offense. In the instant case, as in the Hopf case, supra, "We perceive no necessity for giving undue weight to formal deviations where it is quite apparent from the record that the accused was in no way prejudiced thereby." The accused had defended on the theory that because he was overworked while his office was understaffed, the money had somehow been misplaced through no fault of his own. Throughout his testimony runs the suggestion that any number of persons who daily frequented the personnel office might have been responsible for the theft. This, however, was a question for the triers of fact and they resolved the issue of the accused's guilt against him. The law officer did not err in denying the defense motion.

The decision of the board of review is affirmed.

Chief Judge QUINN and Judge LATIMER concur.