# UNITED STATES

v.

**Aaron GUIDRY, 435 82 1302, Staff Sergeant (E–6), U. S. Marine Corps.**

## NCM 77 1766.

U. S. Navy Court of Military Review.

Sentence Adjudged 23 Feb. 1977.

Decided 21 June 1978.

Capt. G. M. Potter, USMC, Appellate Defense Counsel.

Maj. D. A. Higley, USMC, Appellate Government Counsel.

Before CEDARBURG, C. J., and ROOT and GREGORY, JJ.

ROOT, Judge:

Appellant was tried before a special court-martial composed of members for offenses involving the unauthorized use of military telephones and disrespect to a superior commissioned officer. The telephone offenses were charged as 222 specifications under Article 134, UCMJ, including 196 multiplicious specifications which charged the same 98 offenses, first as false pretenses, and then again under provisions of the Federal Assimilative Crimes Act, as violations of California Penal Code, Section 502.7 (Title 13, Cal.Pen.Code, § 502.7, 49 West's Ann.Cal.Pen.Code 480). The disrespect offense was charged under Article 89, UCMJ, 10 U.S.C. § 889.

Pursuant to a pretrial agreement, appellant pleaded guilty to certain of the specifications alleging false pretenses, under Article 134, UCMJ; however, the military judge found those pleas improvident. The defense thereupon requested and was granted a continuance to negotiate a new pretrial agreement based on pleas to certain of the remaining specifications, which alleged violations of California Penal Code, Section 502.7. In accordance with a newly reached pretrial agreement, appellant pleaded guilty to 30 specifications charging violations of the California Penal Code under Article 134, UCMJ. The military judge found these pleas provident and entered findings of guilty. When the Government indicated it would not proceed on the remaining specifications under Article 134, the military judge dismissed them. The remaining charge under Article 89 went to the members, who found the appellant not guilty of the charge and its single specification.

On review before this Court, appellant assigns the following as error:

I. THE APPELLANT WAS IMPROPERLY CHARGED WITH AND FOUND GUILTY OF VIOLATING § 502.7 OF THE CALIFORNIA PENAL CODE.

II. THE APPELLANT'S PLEAS OF GUILTY WERE IMPROVIDENT AND SHOULD HAVE BEEN REJECTED BY THE MILITARY JUDGE.

We find merit in appellant's first assignment of error.

The penal code provision at issue in appellant's first assignment of error states, in part:

A person who, knowingly, willfully and *with intent to defraud a person providing telephone or telegraph service,* avoids or attempts to avoid . . . the lawful charge . . . for telephone or telegraph service . . . is guilty of a misdemeanor . . .. [Section 502.-7(a)]. [Emphasis added].

The specifications of which appellant was found guilty, however, state, " . . . with the intent to defraud the United States Government . . .." Appellant complains that an intent to defraud the United States Government is not made punishable by this provision, as the person providing telephone service in this case was the Pacific Telephone and Telegraph Company. The Government, on the other hand, argues that the statute may be construed to include the United States Government as a person providing telephone service, or, alternatively, that this Court may modify the specifications to show an intention to defraud the Pacific Telephone and Telegraph Company rather than the United States Government, contending that such a change of victim would not be improper where the defense was not misled in the preparation of its case.

**692**

■ After reviewing the entirety of California Penal Code, Section 502.7 and its amendments,[1] it is our opinion that the provision " . . . with intent to defraud a person providing telephone or telegraph service . . . " may apply in this case only to the Pacific Telephone and Telegraph Company as " . . . a person providing telephone . . . service . . . ." The language of the code provision at issue was introduced before the California legislature at the request of California telephone companies.[2] A provision of the statute limiting application of the pertinent subdivision (a) states:

> . . . this section shall apply . . when the charges for service would have been billable, in normal course, by a person providing telephone or telegraph service in this state . . . [Section 502.-7(d)].

Although the telephones and listings involved in the charge were subscribed to by the United States Government, no controversy exists that the telephone service was that of the Pacific Telephone and Telegraph Company, that the communications were made through this company's operators and through its equipment, and that billing for the telephone service would be from this company.

The specifications at issue allege an intent to defraud the United States Government, and not an intent to defraud the Pacific Telephone and Telegraph Company. Therefore, although the specifications purport to allege violations of California Penal Code, Section 502.7, in fact, no offenses were alleged. It is apparent from the wording of the statute that one class of persons was to be protected, viz, persons providing telephone or telegraph service. The United States Government is not a member of this class of persons. It must follow, therefore, that the specifications in this case fail to allege offenses.

■ We must reject the Government's suggestion that this Court modify the specifications to change the identity of the victim of the appellant to that of the Pacific Telephone and Telegraph Company. Unlike the situations presented in the cases cited by the Government, the present case does not permit a finding of a lesser included offense or a mere substitution of victim. Although, in certain circumstances, a conviction may be affirmed where the evidence reveals a victim other than the individual alleged in the specification (*See,* for example, *United States v. Craig,* 8 U.S.C.M.A. 218, 24 C.M.R. 28 (1957); *United States v. Hopf,* 1 U.S.C.M.A. 584, 5 C.M.R. 12 (1952)), here we are dealing with a specific statute which makes certain acts criminal . . . but only when those acts are specifically intended against a particular class of persons.

The United States Government is not included in that class of persons. This Court cannot now, and will not attempt to, breathe life into fatally defective specifications.

Accordingly, the findings and sentence are set aside and the charge and its specifications are dismissed. A rehearing may be ordered.

Chief Judge CEDARBURG and Judge GREGORY concur.

1. Section 502.7 was originally adopted by the California legislature in 1961 by statute 1961, c. 1378, p. 3153, § 1. This section was amended in 1963 by Statutes 1963, c. 1373, p. 2915, § 1. Section 502.7 was once again amended to its present form by statute 1965, c. 956, p. 2573, § 1.

2. *See* Review of Selected 1965 Code Legislation, California Continuing Education at the Bar, p. 181.