UNITED STATES, Appellant,

v.

John Henry LESLIE, Seaman Recruit,
U. S. Navy, Appellee.

No. 39,148.
NCM 79–0262.

U. S. Court of Military Appeals.

June 14, 1982.

For Appellant: *Lieutenant Wm. Eric Minamyer*, JAGC, USNR (argued); *Commander T. C. Watson, Jr.*, JAGC, USN, *Captain John P. Hertel*, USMC (on brief).

For Appellee: *Lieutenant Commander David S. Durbin*, JAGC, USNR (argued); *Lieutenant Thomas P. Murphy*, JAGC, USNR (on brief).

*Opinion of the Court*

EVERETT, Chief Judge:

Appellee was tried by special court-martial, consisting of military judge alone, on a charge with ten specifications alleging violation of Article 92 of the Uniform Code of Military Justice, 10 U.S.C. § 892, and a charge with ten specifications alleging larceny, in violation of Article 121 of the Code, 10 U.S.C. § 921. According to the first five larceny specifications, during July 1977 Leslie had stolen five sums of money which were "property of the United States." The second five specifications of that charge alleged that during the same period he had stolen the identical sums, which were the property of five named individuals. In short, the first five specifications of larceny, of which the judge found Leslie guilty, were intended as alternatives to the second five specifications, of which the judge ac-

quitted him.[1] The sentence adjudged was a bad-conduct discharge, confinement at hard labor for 2 months, and partial forfeitures for 6 months.

The findings and sentence were approved by the convening and supervisory authorities; but, by a divided vote, the United States Navy Court of Military Review ordered that the findings of guilty and the sentence be set aside and that the specifications of which appellee had been convicted be dismissed. 9 M.J. 646 (1980). *United States v. Leslie,* 9 M.J. 646 (1980).

Thereafter, the Acting Judge Advocate General of the Navy certified to us this issue:

CONSIDERING THAT THE MAJORITY OF THE U. S. NAVY COURT OF MILITARY REVIEW FOUND THE ACCUSED'S CONVICTION TO BE OTHERWISE UNASSAILABLE, WAS THE LEAD OPINION CORRECT IN THE DETERMINATION THAT *UNITED STATES V. CRAIG,* 8 U.S.C.M.A. 218, 24 C.M.R. 28 (1957) WAS WRONGLY DECIDED AND THAT A FATAL VARIANCE OCCURRED IN THIS CASE BETWEEN THE PLEADINGS AND PROOF OF OWNERSHIP OF THE PROPERTY ALLEGEDLY STOLEN THEREBY REQUIRING REVERSAL OF THE CONVICTION?

Since the two members of the majority in the Court of Military Review differed as to the proper rationale for reversing the conviction and the third judge would have upheld the findings and sentence, appellee moved to dismiss the certified question which the Judge Advocate General filed with us. By divided vote, we ruled that the case had properly been brought before us pursuant to Article 67(b)(2), UCMJ, 10 U.S.C. § 867(b)(2). *United States v. Leslie,* 11 M.J. 131 (C.M.A.1981). Now we turn to the merits of the certified question.

## I

On five occasions appellee accepted C.O.D. packages for delivery on board USS VANCOUVER, where he served as a postal clerk. Although he collected the money owed—the five sums alleged in the specifications—he did not transmit these funds by postal money order to the senders of the C.O.D. packages as he should have. Instead, Leslie apparently embezzled the funds.

■ Article 121 of the Code states that one "who wrongfully takes, obtains, or withholds" money "from the possession of the owner or of any other person . . . with intent permanently to deprive or defraud another person of the use and benefit of property or to appropriate it to his own use . . . is guilty of larceny." The current Manual for Courts-Martial[2] explains in paragraph 200a (3) (emphasis supplied) that

[t]he word "person," as used in referring to one from whose possession property has been taken, obtained, or withheld, and to any owner of property, includes (in addition to a natural person) *a government,* a corporation, an association, an organization, and an estate.

Since the United States is "a government," innumerable prosecutions have been conducted under Article 121 for theft of property which was owned by the United States or was in its possession. Moreover, in line with the common law rule that "it is just as much larceny to steal from a thief as to steal from anyone else," Perkins, *Criminal Law* 970 (2d ed. 1969); 52A C.J.S. Larceny § 13; 50 Am.Jur.2d, Larceny § 132; *Levin v. United States,* 338 F.2d 265, 268 (D.C.Cir. 1964), *cert. denied* 379 U.S. 999, 85 S.Ct. 719, 13 L.Ed.2d 701 (1965), the Manual, *supra,* prescribes that "[t]he phrase 'any other person' means any person—even a person who has stolen the property—who has possession or a greater right to possession than the accused." Therefore, even if property

1. The military judge also acquitted Leslie of the ten specifications under Charge I, which alleged violations of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892. It is noted that Special Court-Martial Order No. 01–79 dated 19 January 1979 erroneously reflects guilty findings as to Charge I.

2. Manual for Courts-Martial, United States, 1969 (Revised edition).

is merely in the possession of the United States, the wrongful taking of that property with intent to appropriate it permanently for the use of the taker constitutes larceny under Article 121; of course, this is true regardless whether the United States has title to the property or any right to retain it.

■ Of course, a government can only act through its employees or agents and appellee was such a person. Indeed, none of the money in question would have come into his hands had he not been serving the United States as a postal clerk at the time. Whatever Leslie's intent was when he received the funds, the United States is free to ratify his action in receiving the funds from the recipients of the C.O.D. packages and to treat the money as having been received for the Government. *United States v. Ragins*, 11 M.J. 42 (C.M.A.1981). The prosecution of Leslie under Article 121 amounts to an affirmation by the Federal Government that, by ratification of appellee's actions, it acquired a possessory interest in the funds when they came into Leslie's hands.

■ Two legal interests may coexist in the same property and the invasion of either may sustain a larceny prosecution. Thus, where property is held in bailment, either the bailor or the bailee may be considered the victim of a theft. *See People v. Hansen*, 28 Ill.2d 322, 192 N.E.2d 359 (1963), *cert. denied*, 376 U.S. 910, 84 S.Ct. 665, 11 L.Ed.2d 608 (1964); *Rhoades v. State*, 224

Ind. 569, 70 N.E.2d 27, 28 (1946). Moreover, when property is taken from a trustee, the taker may be charged with larceny from the trustee. *People v. Decker*, 19 Ill.App.3d 86, 311 N.E.2d 228, 234 (1974). Whether the United States was a trustee holding legal title or was only a bailee as to the money which Leslie collected, it had a sufficient interest in those funds to support the allegations of the larceny specifications on which he was convicted.

Of course, for some purposes it might be necessary to consider what legal interest, if any, the senders of the C.O.D. packages had in the money received by appellee when he delivered the packages. This inquiry would be material if Leslie had been prosecuted for stealing the funds from the senders of the packages [3] or if a civil action had been commenced under a bond which indemnified against the loss of postal money order funds.[4] However, in the case at hand, such questions are immaterial because the funds taken by Leslie clearly had come into the possession of the United States through his actions as its agent.

Equally immaterial is whether appellee's acts could also be punished under Title 18 of the United States Code. We are unaware of any instance in which Congress has indicated an intent that as to military personnel some other provision of the United States Code should preempt the application of Article 121 or some other punitive article of the Uniform Code of Military Justice.[5]

---

**3.** Apparently the draftsman of the charges in this case did not consider alleging five specifications of larceny from the senders of the C.O.D. packages. If he had done so and if appellee had also been found guilty of those specifications, he, of course, could not be punished both for stealing money from the United States and for stealing the same funds from the senders of the C.O.D. packages. We need not decide at what point an election would have to be made between the alternative theories of guilt; but, in any event, a sentence could be based only on one set of findings or the other.

**4.** In *Smyer v. United States*, 273 U.S. 333, 47 S.Ct. 375, 71 L.Ed. 667 (1927), the embezzlement of funds received by a postal employee as collection upon C.O.D. parcels fell outside the coverage of a bond concerning monies received for the sale of money orders. Of course, in that

case the embezzler, Smyer, had no connection with the money order department in the Birmingham Post Office where he worked. On the other hand, Leslie, according to the postal officer on board the VANCOUVER, had duties which included selling money orders, and so here the funds received might be viewed as part of the money order fund. However, under our analysis, this makes no difference, since— whether or not they were part of a money order fund—these monies were clearly in the possession of the United States through its agent, appellee.

**5.** Perhaps a different situation would exist when a prosecution is maintained under Article 133 or 134, UCMJ, 10 U.S.C. §§ 933 or 934, respectively; but that issue is not before us here.

In short, appellee was clearly subject to prosecution under Article 121 for taking money in which the United States had acquired at least a temporary possessory interest because the funds had come into the hands of an agent of the United States in the general course of his duties as postal clerk. Accordingly, while other criminal statutes might have been invoked, the Government was entitled to proceed under Article 121, *cf. United States v. Batchelder*, 442 U.S. 114, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979), and so there is no problem of a variance between pleadings and proof.

The certified question invites our reexamination of *United States v. Craig*, 8 U.S.C. M.A. 218, 24 C.M.R. 28 (1957), but since the previous discussion is adequate to deal with the case before us, there is no occasion to press further with our inquiry. *See United States v. Lewis*, 11 M.J. 188, 192 (C.M.A. 1981); *United States v. McAnally*, 10 M.J. 270 (C.M.A.1981); *United States v. Clay*, 10 M.J. 269 (C.M.A.1981). However, we in no way question the correctness of the *Craig* decision.

## II

In the posture of the case after its decision by the Court of Military Review, Leslie had no reason to petition us for review under Article 67(b)(3); in addition, there were matters which the court below had no occasion to reach in view of its dismissal of the larceny charges. Upon remand, the United States Navy Court of Military Review can take appropriate action, consistent with this opinion, as to any other assignment of error, and thereafter the parties can proceed further under Article 67(b), if they choose.

The decision of the United States Navy Court of Military Review is reversed. The record of trial is returned to the Judge Advocate General of the Navy for submission to that court for further review under Article 66, UCMJ, 10 U.S.C. § 866.

Judge COOK concurs.

FLETCHER, Judge (dissenting):

I believe whatever this Court writes in this matter will make bad law. The problem is the certified question. I think the question attempts to pierce the judgment veil of a panel of the Court of Military Review by asking us if the rationale behind the conclusion of one judge is correct. If I am correct in my thinking, the answering by this Court of the certified question sets a bad precedent, for which there is no precedent in American Jurisprudence. I note the majority cites no authority for this major turn away from standard appellate practice. The door opened here will not be easy to close.

I would dismiss the Certificate of The Judge Advocate General in accord with my dissent in *United States v. Leslie*, 11 M.J. 131, 133 (C.M.A.1981).