# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, FEBBO, and LEVIN[1]
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Sergeant LEROY STRAKER, JR.**
**United States Army, Appellant**

ARMY 20160476

Headquarters, United States Army Alaska
Sean F. Mangan, Military Judge (arraignment)
Kenneth W. Shahan, Military Judge (trial)
Lieutenant Colonel Rana D. Wiggins, Acting Staff Judge Advocate (pretrial)
Colonel Roseanne M. Bennett, Staff Judge Advocate (post-trial)

For Appellant: Lieutenant Colonel Tiffany M. Chapman, JA; Captain Benjamin A. Accinelli, JA (on brief); Lieutenant Colonel Tiffany M. Chapman, JA; Captain Patrick G. Hoffman, JA; Captain Benjamin A. Accinelli, JA (on reply brief).

For Appellee: Colonel Tania M. Martin, JA; Major Cormac M. Smith, JA; Captain Cassandra M. Reposo, JA (on brief).

24 August 2018

---------------------------------
MEMORANDUM OPINION
---------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

LEVIN, Judge:

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of conspiring to commit prostitution and one specification of a general disorder for assisting another in engaging in sexual intercourse with another for hire, in violation of Articles 81 and 134, Uniform Code of Military Justice [UCMJ], 10 U.S.C. §§ 881, 934 (2012). The military judge sentenced appellant to a bad-conduct discharge, eight months confinement, and reduction to the grade of E-1. The military judge granted appellant 261 days credit against confinement pursuant to Article 13, UCMJ, and *United States v. Allen*, 17

---

[1] Judge Levin decided this case while on active duty.

M.J. 126 (C.M.A. 1984). The convening authority approved seven months of confinement and otherwise approved the sentence as adjudged.

This case comes before us for review under Article 66, UCMJ. First, appellant asserts that the military judge erred, creating a fatal variance by excepting and substituting words in the Article 134 offense. We disagree, but we grant relief on other grounds. Appellant's second assignment of error, challenging the legal and factual sufficiency of the conspiracy offense, deserves discussion but not relief.[2]

## BACKGROUND

### A. Sergeant Straker's Misconduct

Between about March 2014 and about July 2014, appellant conspired with LM to engage in prostitution. Among other things, appellant provided security and handled finances for LM while she worked as a prostitute. On one occasion in April 2014, LM met a client in a Fairbanks hotel. The client was LM's ex-boyfriend, CC, and he made unwanted sexual contact with LM before she called appellant for assistance. Appellant ran to the room and confronted CC with a gun in his waistband. Appellant and CC struggled, and the gun fired once in the hotel hallway before an off-duty police officer stopped the altercation and held both parties at gunpoint until Alaska State Troopers arrived at the scene.[3]

### B. Sergeant Straker's Court-Martial

On 6 July 2016, appellant proceeded to trial on a charge of, among others, pandering by procuring an act of prostitution:

> [In that he] "did, at or near Fairbanks, Alaska, between on or about 20 March 2014 and 30 July 2014, wrongfully *procure Ms. [LM] to engage in* acts of sexual intercourse for hire and reward *with persons to be directed to her by the accused*, such conduct being to the prejudice of good order and discipline in the armed forces and of a nature to bring discredit upon the armed forces," (emphasis added).

---

[2] We have reviewed the matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and find they merit no relief.

[3] Appellant was charged with wrongful discharge of a firearm, negligent discharge of a firearm, and assault with a dangerous weapon. The military judge acquitted appellant of these charges.

At trial, appellant maintained that he was LM's boyfriend, not her panderer, and his financial support and protection were part of his duties as a suitor. At the conclusion of the government's case, appellant moved for a finding of not guilty to several of the charges pursuant to Rule for Court-Martial (R.C.M.) 917. Relevant to this appeal, the military judge partially granted appellant's R.C.M. 917 motion to the pandering charge, finding appellant not guilty of the language "with persons to be directed to her by the accused."

Later, the military judge announced findings, substituting the words "assist [LM] in engaging," for the excepted words "procure Ms. [LM] to engage in," as shown below:

> [In that he] "did, at or near Fairbanks, Alaska, between or on about 20 March 2014 and 30 July 2014, ~~wrongfully procure Ms. L.M. to engage in~~ *assist LM in engaging in* acts of sexual intercourse for hire and reward ~~with persons to be directed to her by the accused~~, such conduct being to the prejudice of good order and discipline in the armed forces and of a nature to bring discredit upon the armed forces," (emphasis added to show substitutions).

The military judge announced that he considered the revised offense to be that of a general disorder and neglect offense under Article 134.

## LAW AND DISCUSSION

### A. Fatal Variance and Failure to State an Offense

The Rules for Courts-Martial authorize findings by exceptions and substitutions. "Minor variances that do not change the nature of the offense are not necessarily fatal." *United States v. Lovett,* 59 M.J. 230, 235 (C.A.A.F. 2004) (citing *United States v. Hunt,* 37 M.J. 344, 347-48 (C.M.A. 1993). However, a variance "may not be used to substantially change the nature of the offense." R.C.M. 918(a)(1). If it does so, such a variance is material. *United States v. Finch*, 64 M.J. 118, 121 (C.A.A.F. 2006).

When, as here, defense counsel does not object to the exceptions and substitutions at trial, appellant must show that the variance was material and that it substantially prejudiced him. *Hunt*, 37 M.J. at 347. We review whether there was a fatal variance *de novo*. *United States v. Treat*, 73 M.J. 331, 335 (C.A.A.F. 2014).

In *Lovett,* our superior court found a fatal variance when the court members, by exceptions and substitutions, found the appellant guilty of a "general disorder" offense, under Article 134, UCMJ. Lovett had been charged with wrongfully soliciting, under Article 134, UCMJ, the murder of his wife in violation of Article 118, UCMJ, to prevent her from testifying against him. *Lovett*, 59 M.J. at

236. Our superior court found the appellant's defense team "channeled its efforts in the direction of solicitation of premeditated murder" and the appellant "could not have anticipated conviction for a lesser-included offense of soliciting a person to wrongfully prevent [his wife] from appearing in a judicial proceeding." *Id.*

Appellant argues the finding by exceptions and substitutions resulted in his being convicted of a different offense involving a different theory than that described in the specification upon which he was arraigned. Appellant was charged with pandering by procuring, which, as he points out, contemplates wrongful actions by a principal. He was convicted of assisting, which involves the actions of an accomplice. Accordingly, the defense channeled its efforts at trial to raise doubt about any business arrangement wherein appellant persuaded others to have sexual intercourse with LM.

The excepted and substituted finding did not increase the seriousness of the offense and did not increase the maximum punishment.[4] Appellant's conviction for assisting another in prostitution was, however, a conviction of a crime different from that against which he defended. The charged offense alleged that appellant persuaded others to pay for the services of a prostitute. The offense of which appellant was convicted, however, only alleged he otherwise assisted the prostitute. We conclude the findings by exceptions and substitutions constituted a material variance.

"Even where there is a variance in fact, the critical question is one of prejudice." *United States v. Lee*, 1 M.J. 15, 16 (C.M.A. 1975) (citing *United States v. Craig*, 8 U.S.C.M.A. 218, 24 C.M.R. 28 (1957); *United States v. Hopf*, 1 U.S.C.M.A. 584, 5 C.M.R. 12 (1952)). Prejudice from a material variance can arise by "(1) putting '[the appellant] at risk of another prosecution for the same conduct,' (2) misleading him 'to the extent that he has been unable adequately to prepare for trial,' or (3) denying him 'the opportunity to defend against the charge.'" *United States v. Marshall*, 67 M.J. 418, 420 (C.A.A.F. 2009) (quoting *United States v. Teffeau*, 58 M.J. 62, 67 (C.A.A.F. 2002)). Under the framework articulated in *Marshall*, the variance in this case did not prejudice appellant.

First, there is no risk that appellant will be prosecuted again for the same offense. The double jeopardy protection has attached to the offense involving prostitution. *See* Article 44(c), UCMJ, 10 U.S.C. § 844(c); *United States v. Easton*, 71 M.J. 168, 170 (C.A.A.F.2012).

---

[4] Appellant's maximum punishment for the general disorder offense included four months of confinement, whereas the maximum punishment for pandering by procuring an act of prosecution included confinement for five years and a dishonorable discharge.

Second, appellant was able to prepare adequately for trial on the general disorder offense of assisting LM in engaging in sexual acts for hire and reward. Appellant was also charged—and convicted—of conspiracy to engage in prostitution. This charge necessarily put appellant on notice prior to trial that he needed to prepare for allegations involving an agreement with LM to engage in prostitution.

Third, the record reveals appellant's defense theory included an innocent explanation for appellant's actions, which were those of a boyfriend rather than someone involved in sexual acts for hire. Appellant's defense necessarily included defending against the allegations that he had an agreement with LM to engage in sexual acts for hire and reward and further defending against an overt act in furtherance of that agreement.

Our discussion, however, does not end with our finding no prejudice from the variance. Though not raised by either party, the Government may not charge a "novel" offense if the offense is otherwise listed as an Article 134, UCMJ, offense. *United States v. Reese*, 76 M.J. 297, 302 (C.A.A.F. 2017). In other words, if an offense is "already listed inside [Article 134's] framework," it may not be charged as a "novel" general disorder that reduces the government's burden of proof. *Id. See also United States v. Guardado*, 77 M.J. 90, 95 (C.A.A.F. 2017). Here, the specification of which appellant was convicted required a lower burden of proof than that with which he was originally charged.

The elements of pandering by procuring an act of prostitution are as follows:

> (a) That the accused . . . procured a certain person to engage in an act of sexual intercourse for hire and reward with a person to be directed to said person by the accused;
>
> (b) That this . . . procuring was wrongful; and
>
> (c) That, under the circumstances, the conduct of the accused was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces.

*Manual for Courts-Martial, United States* (2012 ed.) [*MCM*], pt. IV, ¶ 97.b.(3).

As discussed above, the charged offense alleged that appellant wrongfully persuaded someone to engage in a sexual act. The general disorder offense of which appellant was convicted involved only an allegation that he assisted someone who was engaging in such conduct. The novel offense lessened the government's burden and involved conduct that is already listed inside the article's framework. Consequently, the offense is barred from prosecution. *See Guardado*, 77 M.J. at 95.

We therefore conclude that Specification 1 of Charge III fails to state an offense under the UCMJ and must be dismissed.

*B. Factual and Legal Sufficiency*

Next, appellant contends that the evidence was factually and legally insufficient to prove that his conduct was prejudicial to good order and discipline.[5] As a remedy, appellant requests that we strike the offending language from the specification and reassess his sentence. Notwithstanding the Government's concession to the first request, we decline to do either.

The military judge found appellant guilty of conspiracy to commit prostitution in violation of Article 81, UCMJ. Specifically, the court found that appellant:

> Did, at or near Fairbanks, Alaska, between on or about 20 March 2014 and 30 July 2014, conspire with Ms. L.M. to commit an offense under the Uniform Code of Military Justice, to wit: prostitution, and in order to effect the object of the conspiracy[,] Ms. [LM] did procure persons to engage in sexual intercourse with Ms. [LM] for money, such conduct being to the prejudice of good order and discipline in the armed forces and of a nature to bring discredit upon the armed forces.

The test for factual sufficiency is "whether, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses" we are "convinced of the accused's guilt beyond a reasonable doubt." *United States v. Turner*, 25 M.J. 324, 325 (C.M.A. 1987).

The test for legal sufficiency is "whether considering the evidence in the light most favorable to the prosecution, a reasonable fact finder could have found all the essential elements beyond a reasonable doubt." *United States v. Humphreys*, 57 M.J. 83, 94 (C.A.A.F. 2002) (citations and internal quotation marks omitted). Weighing questions of legal sufficiency, this court is "bound to draw every reasonable inference from the evidence of record in favor of the prosecution." *United States v. Barner*, 56 M.J. 131, 134 (C.A.A.F. 2001*)* (citations omitted).

Here, the government charged appellant with conspiracy. A criminal conspiracy pled under Article 81, UCMJ, requires: "[t]hat, while the agreement continued to exist, and while the accused remained a party to the agreement, the

---

[5] In light of the relief granted to appellant in his first assignment of error, we address this issue only with respect to the Article 81 offense.

accused or at least one of the conspirators performed an overt act for the purpose of bringing about the object of the conspiracy." *MCM*, pt. IV, ¶ 5.b.(2).

Although the Government need not have charged the terminal element, it did so here. *See United States v. Norwood*, 71 M.J. 204, 205 (C.A.A.F.2012) ("in order to state the elements of an inchoate offense under Articles 80 and 81, UCMJ, a specification is not required to expressly allege each element of the predicate offense."). Consequently, appellant frames this issue as a challenge to the factual and legal sufficiency of his conviction, arguing that the evidence failed to prove that his conduct was to the prejudice of good order and discipline.

"The crux of the issue is whether a fact constitutes an element of the crime charged, or a method of committing it." *United States v. Brown*, 65 M.J. 356, 358-59 (C.A.A.F. 2007). If a fact is a theory of liability and not an element, then general verdicts are allowed when multiple theories of liability are alleged:

> With minor exceptions for capital cases, a 'court-martial panel, like a civilian jury, returns a general verdict and does not specify how the law applies to the facts, nor does the panel otherwise explain the reasons for its decision to convict or acquit.' In returning such a general verdict, a court-martial panel resolves the issue presented to it: did the accused commit the offense charged, or a valid lesser included offense, beyond a reasonable doubt? A factfinder may enter a general verdict of guilt even when the charge could have been committed by two or more means, as long as the evidence supports at least one of the means beyond a reasonable doubt.

*Brown*, 65 M.J. at 359 (quoting *United States v. Hardy*, 46 M.J. 67, 73 (C.A.A.F. 1997) (other internal citation omitted).

To determine whether a general verdict on a specification alleging multiple theories of liability is proper, we must first determine if the relevant statute creates separate elements, or merely different theories of liability. In *United States v. Medina*, our superior court held that the three clauses of Article 134, UCMJ's terminal element are alternative theories of criminality. 66 M.J. 21, 26-28 (C.A.A.F. 2008).

In this case, therefore, a general finding of guilty under Article 81 was not dependent on the military judge finding the appellant guilty under both theories, but rather at least one theory. *See, e.g. United States v. Williams*, __ M.J. __ (Army Ct. Crim. App. 21 Aug. 2018). It was not necessary for the military judge to return a verdict as to only those *theories* of liability proven beyond a reasonable doubt, as

7

long as the Government proved all of the *elements* of the offense. *See United States v. Vidal*, 23 M.J. 319, 325 (C.M.A. 1987).

This court, of course, is bound to review the facts of this case not just for legal sufficiency, but also for factual sufficiency under Article 66(c), UCMJ. In this case, while there was overwhelming evidence that appellant's conduct was service discrediting, we agree that there is insufficient evidence that appellant's conduct was prejudicial to good order and discipline.

This does not change the form of the verdict, however. "A factfinder may enter a general verdict of guilt even when the charge could have been committed by two or more means, as long as the evidence supports at least one of the means beyond a reasonable doubt." *Brown*, 65 M.J. at 359. Accordingly, we affirm the trial court's general verdict as it stands.[6]

## CONCLUSION

Appellant's conviction of Specification 1 of Charge III and Charge III are SET ASIDE. Specification 1 of Charge III and Charge III are DISMISSED. The finding of guilty as to Charge IV and its specification is AFFIRMED.

We are able to reassess the sentence on the basis of the errors noted and do so after conducting a thorough analysis of the totality of circumstances presented by appellant's case and in accordance with the principles articulated by our superior court in *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986) and *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013).

Appellant faced a maximum sentence of sixteen months confinement, total forfeiture of all pay and allowances, reduction to the grade of E-1, and a dishonorable discharge. In evaluating the *Winckelmann* factors, we first find no significant change in the penalty landscape that might cause us pause in reassessing appellant's sentence, as the potential maximum sentence includes one year confinement and a dishonorable discharge, a sentence greater than that which the military judge imposed, and greater still than that which the convening authority approved. Second, we note appellant elected to be tried by a military judge sitting alone, so we are confident the sentence would not have changed had appellant been found not guilty of Specification 1 of Charge III and Charge III. Third, we find the remaining offense captures the gravamen of appellant's criminal conduct. Finally, based on our experience as judges on this court, we are familiar with the remaining

---

[6] The general verdict neither exaggerates nor misrepresents appellant's criminality. Appellant is guilty of conspiracy to commit prostitution. The theory under which appellant was found guilty is irrelevant to the general verdict, so long as at least one valid theory was charged and at least one valid theory charged was proven.

offense so that we may reliably determine what sentence would have been imposed at trial.

Having conducted this reassessment, we AFFIRM the sentence as approved. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision are ordered restored. *See* UCMJ arts. 58a(b), 58b(c), and 75(a).

Senior Judge MULLIGAN and Judge FEBBO concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court