UNITED STATES, Appellee

v.

Anthony BROWN, Staff Sergeant
U.S. Army, Appellant

No. 07-0286

Crim. App. No. 20020983

United States Court of Appeals for the Armed Forces

Argued October 2, 2007

Decided November 30, 2007

STUCKY, J., delivered the opinion of the Court, in which EFFRON,
C.J., and BAKER, ERDMANN, and RYAN, JJ., joined.


Counsel


For Appellant:  Frank J. Spinner, Esq. (argued); Major Fansu Ku
(on brief); Captain Richard P. Pizur.


For Appellee:  Captain Clare L. O'Shaughnessy (argued); Colonel
John W. Miller II and Captain Michael C. Friess (on brief);
Major Elizabeth G. Marotta and Captain Magdalena A. Acevedo.


Military Judge:  Denise K. Vowell


THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.

Judge STUCKY delivered the opinion of the Court.

We granted review of this case to consider whether the military judge erred by instructing the court members that they could convict Appellant of the offense of indecent assault without agreeing on which of three possible factual scenarios constituted the offense.  We hold that the military judge correctly instructed the members and affirm the decision of the United States Army Court of Criminal Appeals.

I.

A general court-martial with members convicted Appellant of two specifications of failing to obey a lawful general regulation, two specifications of failing to obey a lawful order, two specifications of maltreatment of a subordinate, indecent assault (as a lesser included offense of rape), and adultery in violation of Articles 92, 93, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 892, 893, and 934 (2000).  After the military judge dismissed the two specifications alleging maltreatment of a subordinate as being an unreasonable multiplication of charges, the court-martial sentenced Appellant to a dishonorable discharge, confinement for five years, forfeiture of all pay and allowances, and reduction to E-1.  The Army Court of Criminal Appeals set aside Appellant's conviction on one of the specifications of failure to obey a lawful regulation and reassessed the sentence,

affirming only the dishonorable discharge, confinement for fifty-four months, and reduction to E-1.  United States v. Brown, No. ARMY  20020983, slip op. at 5 (A. Ct. Crim. App. Nov. 30, 2006) (unpublished).

## II.

Appellant, a drill sergeant at Aberdeen Proving Ground, Maryland, was originally charged with raping Private First Class (PFC) NB, a trainee attending an advanced individual training course.  PFC NB was unable to attend a field exercise, which began at 4:00 a.m., because of a prior physical injury.  Instead, she was directed to go to chow, and then to the orderly room, where she saw Appellant.  Appellant told PFC NB to return to her room in the female barracks.  Appellant entered PFC NB's room and started "kissing on" her.  He sat on a chair and told PFC NB to come to him.  She did.  Appellant pulled down her pants, sat her on his lap, and inserted his fingers into her vagina.  PFC NB stood up to pull up her pants.  Appellant said, "you have to taste this," walked up behind her and inserted his penis inside her vagina for a short period of time (fifteen to twenty-one seconds).  After Appellant withdrew, he told PFC NB to keep watch at the window in case someone appeared, while he went to get a condom.  She waited a few minutes after Appellant left the room and then went to a pay phone to call a friend and tell him about Appellant's actions.  PFC NB asked her friend

what she should do when Appellant returned with the condom.  She testified she felt that she had to allow Appellant to have sexual intercourse with her because she might not be allowed to graduate from the training course.  PFC NB's friend did not have any advice, so PFC NB went back to her room, waited for Appellant (she read her Bible and started taking a nap), and acquiesced to sexual intercourse when he returned around 10:00 a.m.  It is unclear how long PFC NB waited for Appellant to return to her room.

At trial, Appellant's defense counsel did not request an instruction on lesser included offenses, specifically telling the military judge that the defense did not want instructions on indecent assault or indecent acts.  Defense counsel, in answer to a question from the military judge, agreed with the military judge that the defense theory on the rape was "all or nothing." The Government asked the military judge to instruct on the lesser included offenses of indecent assault, indecent acts, and assault consummated by a battery.  Appellant's defense counsel reiterated that the defense did not want the instruction.  The military judge found sufficient evidence to instruct:  "There is evidence raised that there was sexual intercourse.  There is evidence raised that the accused inserted his fingers into PFC [NB]'s vagina.  Assuming the court members found all of the other elements to have occurred, they could find that either or

4

both of those offenses constituted indecent assault." Both trial and defense counsel agreed that the military judge's summary was a correct statement of the law.

The military judge and parties also discussed the findings worksheet, and whether to tailor it to reflect the three factual scenarios in the instruction. The Government originally wanted the separate acts specifically delineated. The defense, however, did not want the acts separately described on the findings worksheet. After some discussion, the Government agreed that the findings worksheet be left deliberately vague and that members not be asked to enter findings to a lesser included offense by exceptions and substitutions.

The military judge instructed the members on rape and the three lesser included offenses. She instructed the members that to find Appellant guilty of indecent assault, they could find he did so "by inserting his fingers and penis, or fingers, or penis into [PFC NB's] vagina." Defense counsel did not object to the instruction. The members found Appellant not guilty of rape, but guilty of indecent assault.

### III.

Appellant argues that the military judge erred by instructing the members that Appellant could be convicted of indecent assault based on any one of three factual scenarios, without requiring the members to vote on each scenario and to

disclose the factual basis of their findings.  In essence, he avers that the military judge's instructions created a situation akin to a duplicitous pleading, because it allowed the members to look at three separate scenarios in order to convict of one offense.  As a result, Appellant claims he is unable to receive an adequate factual sufficiency review of his conviction from the Court of Criminal Appeals under Article 66, UCMJ, 10 U.S.C. § 866 (2000).

In his brief, Appellant relies in large part on this Court's holding in United States v. Walters, 58 M.J. 391, 396 (C.A.A.F. 2003).  At oral argument, Appellant's counsel backed away from Walters and instead focused on the Ninth Circuit's holding in United States v. Garcia-Rivera, 353 F.3d 788, 792 (9th Cir. 2003).

Originally charged with use of a controlled substance on "divers occasions," Walters was convicted of a single use. Walters, 58 M.J. at 395.  The court members excepted the words "divers occasions" from the finding, and found Walters not guilty of the excepted words.  Id. at 394.  We reversed and set aside his conviction, holding that the finding was ambiguous because the members did not specify which of a number of possible uses served as the basis for the conviction.  Id. at 396-97.  Such a finding could not support a factual sufficiency review by the Court of Criminal Appeals under Article 66, UCMJ.

6

Id. at 397.  We also held that double jeopardy principles and
"the inability to identify and segregate those instances of
alleged use of which Appellant was acquitted from the 'one
occasion' that served as a basis for the guilty finding
effectively prevent[ed] any rehearing."  Id.

   Walters is inapposite to the present case.  Walters applies
only in those "narrow circumstance[s] involving the conversion
of a 'divers occasions' specification to a 'one occasion'
specification through exceptions and substitutions."  58 M.J. at
396.  In this case, the Government neither alleged multiple
offenses occurring on "divers occasions" in a single
specification, nor multiple rapes based on the evidence
presented.  Instead, the Government alleged a single incident of
rape occurring at a specific time and place, approaching the two
episodes in PFC NB's barracks room as a continuing course of
conduct over a short period of time.  The members found
Appellant guilty of a single incident of indecent assault, a
lesser included offense of the rape charge.  There is,
therefore, nothing ambiguous about the court-martial's finding.

   Furthermore, the military judge's lesser-included-offense
instruction did not create a duplicitous specification.  The
specification neither alleged multiple acts, nor did the court-
martial find multiple acts.  Instead, the military judge's
lesser-included-offense instruction identified different ways

Appellant could have indecently assaulted the victim at the time and place alleged, based on the evidence presented at trial and the parties' theories of the case. The proper question is, then, whether the military judge's instruction was correct. Whether a military judge properly instructed court members is a question of law, which we review de novo. United States v. Schroder, 65 M.J. 49, 54 (C.A.A.F. 2007).

At oral argument, Appellant claimed the instruction was incorrect because it allowed the members to convict Appellant of indecent assault based on one of three different factual scenarios. According to Appellant, the instruction permitted a conviction if some members believed Appellant inserted only his penis, if others believed he inserted only his fingers, and if still others believed he inserted both his fingers and penis, without the requisite number of members agreeing on any particular scenario. To this end, Appellant urges us to apply the Ninth Circuit's decision in Garcia-Rivera to determine the validity of the military judge's instruction. We decline to do so. Not only has Garcia-Rivera never been cited outside the Ninth Circuit, but the case has been recently distinguished within it. See United States v. Johal, 428 F.3d 823, 829 (9th Cir. 2005).

Garcia-Rivera was prosecuted for unlawful possession of a firearm under 18 U.S.C. § 922(g)(1) (2000). Garcia-Rivera, 353

F.3d at 790.   The judge instructed the jurors that they could convict if they found that the possession occurred "(a) uninterrupted between May 19, 2001 and June 7, 2001[,] or (b) about a week after the purchase of the firearms, or (c) on June 7, 2001."   Id.   The instruction further stated that the jury "must unanimously agree that the possession occurred during (a) above, or on (b) or (c) above."   Id.   The court held the instruction fatally ambiguous because the jurors could have concluded unanimously only that possession occurred on one of the three times, without agreeing on which one.   Id. at 792. Garcia-Rivera, however, is factually distinguishable from the instant case, which involved a single course of conduct within a few hours of a single day.

The crux of the issue is whether a fact constitutes an element of the crime charged, or a method of committing it. After all, in federal criminal cases, the requirement for juror unanimity applies only to elements of the offense.   Richardson v. United States, 526 U.S. 813, 817 (1999) (stating that a "federal jury need not always decide unanimously which of several possible sets of underlying brute facts make up a particular element").

With minor exceptions for capital cases, a "court-martial panel, like a civilian jury, returns a general verdict and does not specify how the law applies to the facts, nor does the panel

otherwise explain the reasons for its decision to convict or acquit." United States v. Hardy, 46 M.J. 67, 73 (C.A.A.F. 1997). In returning such a general verdict, a court-martial panel resolves the issue presented to it: did the accused commit the offense charged, or a valid lesser included offense, beyond a reasonable doubt? A factfinder may enter a general verdict of guilt even when the charge could have been committed by two or more means, as long as the evidence supports at least one of the means beyond a reasonable doubt. Griffin v. United States, 502 U.S. 46, 49-51 (1991); Schad v. Arizona, 501 U.S. 624, 631 (1991) (plurality opinion) ("We have never suggested that in returning general verdicts in such cases the jurors should be required to agree upon a single means of commission, any more than the indictments were required to specify one alone.").

We have recognized that military criminal practice requires neither unanimous panel members, nor panel agreement on one theory of liability, as long as two-thirds of the panel members agree that the government has proven all the elements of the offense. United States v. Vidal, 23 M.J. 319, 325 (C.M.A. 1987). In Vidal, we affirmed a conviction for a single charge of rape when the government presented evidence that the appellant had sexual intercourse with the victim and held her down as another soldier raped her. Id. at 325-26. We held:

> [i]f two-thirds of the members of the court-
> martial were satisfied beyond a reasonable doubt
> that at the specified time and place, appellant
> raped [the victim] -- whether he was the
> perpetrator or only an aider and abettor -- the
> findings of guilty were proper.  It makes no
> difference how many members chose one act or the
> other, one theory of liability or the other.  The
> only condition is that there be evidence
> sufficient to justify a finding of guilty on any
> theory of liability submitted to the members.

Id. at 325; cf. United States v. Holt, 33 M.J. 400, 404 (C.M.A. 1991) (holding there is no requirement for the prosecution to elect which acts served as a basis for indecent acts offense when acts were "so closely connected in time as to constitute a single transaction").  Notably, Appellant in this case did not object to the compound instruction, including on the ground that it covered multiple offenses as opposed to a continuing transaction.

In this case, the military judge's lesser-included-offense instruction was appropriate, given the state of the evidence presented.  Under the facts admitted into evidence, the military judge was obligated to instruct on the lesser included offense of indecent assault, and properly did so.  United States v. Bean, 62 M.J. 264, 266 (C.A.A.F. 2005) (holding that the military judge has a duty to instruct sua sponte on lesser included offenses reasonably raised by the evidence; evidence "reasonably raises" a lesser included offense if members could rely on it).  In the case of indecent assault, the elements

11

require acts done "with the intent to gratify," and not the specification of particular acts or methods of gratification. Manual for Courts-Martial, United States pt. IV, para. 63.b.(2) (2005 ed.).

IV.

The decision of the United States Army Court of Criminal Appeals is affirmed.