UNITED STATES, Appellee

v.

Michael J. RODRIGUEZ, Senior Airman
U.S. Air Force, Appellant

No. 07-0685

Crim. App. No. 36455

United States Court of Appeals for the Armed Forces

Argued January 15, 2008

Decided April 23, 2008

RYAN, J., delivered the opinion of the Court, in which EFFRON, C.J., and BAKER and STUCKY, JJ. joined. ERDMANN, J., filed a dissenting opinion.


<u>Counsel</u>


For Appellant: Captain Griffin S. Dunham (argued); Lieutenant Colonel Mark R. Strickland (on brief).

For Appellee: Captain Jason M. Kellhofer (argued); Colonel Gerald R. Bruce and Major Donna S. Rueppell (on brief); Major Matthew S. Ward.

Military Judge: Kevin P. Koehler


**<u>THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION</u>.**

United States v. Rodriguez, No. 07-0685/AF

Judge RYAN delivered the opinion of the Court.

In United States v. Walters, 58 M.J. 391 (C.A.A.F. 2003), this Court held that the Court of Criminal Appeals could not review a conviction for factual sufficiency under Article 66, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 866 (2000), when the appellant was charged with committing an illegal act "on divers occasions," but was found guilty at trial by exceptions and substitutions to a single unspecified act. Walters, 58 M.J. at 394, 396-97. The decision in that case turned on the fact that the members had found the appellant "not guilty" of some unspecified occasions, and the consequent inability of a Court of Criminal Appeals to "find as fact any allegation in a specification for which the fact-finder below has found the accused not guilty." Id. at 395; see also United States v. Seider, 60 M.J. 36, 38 (C.A.A.F. 2004) (stating the same).

In this case, Appellant was found guilty of the "on divers occasions" offense by the members, without exception. In the course of conducting its review for legal and factual sufficiency, the United States Air Force Court of Criminal Appeals (CCA) approved the conviction with respect to a single act, finding the evidence for the other acts factually insufficient. United States v. Rodriguez, No. ACM 36455, 2007

2

United States v. Rodriguez, No. 07-0685/AF

CCA LEXIS 254, at *7-*8, 2007 WL 2035048, at *3 (A.F. Ct. Crim. App. June 26, 2007).

Appellant asserts that Walters and Seider apply, and that the lower court could not affirm the factual sufficiency of the conviction in this case under Article 66, UCMJ.[1]  We disagree: the difference in the verdicts of the factfinders is the dispositive distinction between this case and Walters and Seider.  Accordingly, we hold that the lower court properly conducted a legal and factual sufficiency review pursuant to Article 66, UCMJ.

## I.  FACTS

A general court-martial composed of officer and enlisted members convicted Appellant, contrary to his pleas, of one specification of using marijuana on divers occasions and one specification of using Percocet, a Schedule II controlled

---

[1] The issue, as granted was:

> SINCE TWO OF THREE ALLEGED USES OF MARIJUANA WERE BASED ON UNCORROBORTED CONFESSIONS AND APPELLANT'S CONVICTION FOR USING MARIJUANA ON DIVERS OCCASIONS WAS ACCORDINGLY TRANSFORMED INTO A SINGLE USE CONVICTION BY THE AFCCA, WHETHER UNITED STATES V. SEIDER AND UNITED STATES V. WALTERS PROHIBIT AFFIRMING EVEN A SINGLE USE OF MARIJUANA BECAUSE THE MEMBERS COULD HAVE BASED THEIR "ON DIVERS OCCASIONS" CONVICTION ON THE TWO UNCORROBORATED CONFESSIONS AND FOUND APPELLANT NOT GUILTY OF THE ALLEGED USE NOW USED BY THE AFCCA TO AFFIRM THE SPECIFICATION.

65 M.J. 347 (C.A.A.F. 2008).

substance, on divers occasions, in violation of Article 112a, UCMJ, 10 U.S.C. § 912a (2000).

The specification at issue in this appeal charged Appellant with a violation of Article 112a, UCMJ, in that he "did, on divers occasions, within the continental United States, between on or about 1 August 2002 and on or about 1 September 2003, wrongfully use marijuana."

At trial, the Government presented evidence in support of its theory that Appellant used marijuana on three separate occasions during the charged period.[2] Four government witnesses offered relevant testimony. Three testified that Appellant had admitted to them that he had used marijuana. Only the fourth, Airman Basic (AB) Maldonado, testified that he actually witnessed Appellant use marijuana during the timeframe outlined in the specification. Appellant never asked for a bill of particulars regarding the three separate alleged uses of marijuana.

---

[2] During oral argument, the Government raised, for the first time, the possibility that the record of trial supported only two, not three, alleged uses of marijuana. In response, Appellant filed a motion to supplement statement of facts and analysis in the brief on behalf of Appellant, which we granted. 66 M.J. ___ (C.A.A.F. 2008). We base our decision on three, not two, alleged uses. Appellant's appeal was granted on that basis. Moreover, the CCA based its decision on the premise that there were three alleged uses, and that premise is supported by the record.

After hearing this evidence and being instructed on exceptions and substitutions by the military judge, the members convicted Appellant of using marijuana "on divers occasions" as charged. The sentence adjudged by the court-martial and approved by the convening authority included a bad-conduct discharge, confinement for five months, forfeiture of all pay and allowances, and reduction in grade to E-1.

Pursuant to Article 66, UCMJ, the CCA reviewed the case for legal and factual sufficiency.

On appeal to the CCA, Appellant argued that the evidence adduced at trial was factually and legally insufficient to support a conviction for use of marijuana on divers occasions during the charged period. The CCA found the evidence factually sufficient to support a conviction for marijuana use on only one occasion. Rodriguez, 2007 CCA LEXIS 254, at *7-*8, 2007 WL 2035048, at *3. It held that "[t]he evidence regarding marijuana use is not as compelling" and that due to "the extremely vague admissions made by the [A]ppellant" that were recounted by the witnesses at trial, the CCA was unable to state that the evidence was factually sufficient to support a conviction for use of marijuana "on any occasion other than the time in which he smoked it with" AB Maldonado. 2007 CCA LEXIS 254, at *6-*7, 2007 WL 2035048, at *2-*3. Because the CCA determined that the Government had only proven the one use

described by AB Maldonado beyond a reasonable doubt at trial, it amended the marijuana specification by striking "on divers occasions" from the marijuana use specification.  2007 CCA LEXIS 254, at *7-*8, 2007 WL 2035048, at *3.

At the CCA, Appellant also argued that, if the CCA found the evidence insufficient as to any of the uses undergirding the "divers occasions" specification, this Court's decisions in Seider and Walters dictated that the entire specification be set aside.  2007 CCA LEXIS 254, at *9, 2007 WL 2035048, at *4.

The CCA distinguished both Seider and Walters, noting that in those cases the members, rather than the CCA, had made exceptions to an "on divers occasions" specification, which resulted in implicit findings of not guilty as to some of the unspecified occasions.  In this case the members, after hearing the evidence, had returned a general verdict of guilt to the "divers occasions" specification.  2007 CCA LEXIS 254, at *9, 2007 WL 2035048, at *4.

The CCA affirmed the conviction as to a single use of marijuana and reassessed Appellant's sentence, reducing his confinement from five months to four months.  Rodriguez, 2007 CCA LEXIS 254, at *7-*8, 2007 WL 2035048, at *3.

6

## II.  ANALYSIS

Whether a CCA can affirm a conviction for a single act after determining that the evidence is factually insufficient to support the "on divers occasions" general verdict returned by the factfinder at trial is a question of law we review de novo. See, e.g., United States v. Brown, 65 M.J. 356, 358-59 (C.A.A.F. 2007) (factual sufficiency reviewable where members findings are not ambiguous).  We agree with the CCA that so long as the factfinder entered a general verdict of guilty to the "on divers occasions" specification without exception, any one of the individual acts may be affirmed by the CCA as part of its Article 66, UCMJ, review.

### A.

When members find an accused guilty of an "on divers occasions" specification, they need only determine that the accused committed two acts that satisfied the elements of the crime as charged -- without specifying the acts, or how many acts, upon which the conviction was based.  Cf. Brown, 65 M.J. at 359 (citing Griffin v. United States, 502 U.S. 46, 49-51 (1991); Schad v. Arizona, 501 U.S. 624, 631 (1991) (plurality opinion)).  In this case, the Government presented evidence related to three separate instances of marijuana use in support of its attempt to prove that Appellant had used marijuana on divers occasions.

7

Appellant argues that it was impossible for the CCA to know upon which alleged instances of marijuana use the members based the verdict of guilty on "divers occasions." Given the nature of a general verdict, we agree with Appellant that there is no way for this Court or the CCA to determine which acts comprised the "divers occasions" found by the members, and no way to determine whether the members found Appellant guilty of the single act alleged in the specification as amended by the CCA.

Appellant is also correct that, if the members found Appellant not guilty of the act alleged in the specification as amended by the lower court, the lower court could not conduct a factual sufficiency review. See Walters, 58 M.J. at 395 (stating that a court "cannot find as fact any allegation in a specification for which the fact-finder below has found the accused not guilty" (citing United States v. Smith, 39 M.J. 448, 451 (C.M.A. 1994); United States v. Nedeau, 7 C.M.A. 718, 721, 23 C.M.R. 182, 185 (1957))).

B.

But Appellant fails to account for the longstanding jurisprudence in the Supreme Court, this Court, and the common law regarding the presumption that controls general verdicts on appeal. See Griffin, 502 U.S. at 58-60 (discounting a similar factual sufficiency argument); Brown, 65 M.J. at 359 (affirming conviction where members did not specifically articulate which

8

theory of liability was the basis for the finding of guilt);
Peake v. Oldham, (1775) 98 Eng. Rep. 1083, 1084 (K.B.) (Lord
Mansfield stating, "'if there is any one count to support the
verdict, it shall stand good, notwithstanding all the rest are
bad'").  The longstanding common law rule is that when the
factfinder returns a guilty verdict on an indictment charging
several acts, the verdict stands if the evidence is sufficient
with respect to any one of the acts charged.  Griffin, 502 U.S.
at 49.  The rule is based on the presumption that the verdict
attaches to each of the several alternative theories charged.
Turner v. United States, 396 U.S. 398, 420 (1970).  Because the
verdict attaches to all theories, the verdict may stand despite
trial errors "'if any one of the counts is good and warrants the
judgment.'"  Griffin, 502 U.S. at 49 (quoting Claassen v. United
States, 142 U.S. 140, 146 (1891)).

The presumption is similarly applicable where an "on divers
occasions" general verdict is modified on appeal to a single
act.[3]  Here, where the evidence was factually insufficient as to
two of the acts, the charge could nevertheless be sustained as

---

[3] In view of the facts of this case, nothing in Article 66, UCMJ,
Walters, or Seider requires us to disregard Supreme Court
precedent or the precedent of this Court regarding the common
law presumption.  There was no actual or implicit finding of not
guilty by the members to any offense in this case, nor did the
CCA find the evidence legally insufficient to support any of the
charged conduct.

to the third marijuana use.  But because that single use
affirmed by the CCA no longer constituted an "on divers
occasions" offense the lower court necessarily reconstituted
Appellant's charge as a single use and reassessed his sentence.
The action by the CCA in this case is no different than if
Appellant had been charged with the three acts in question in
the conjunctive, a general verdict had been returned, and the
CCA found two of the acts to be unsupported by the facts adduced
at trial.  Turner, 396 U.S. at 420 (stating the general rule
that "when a jury returns a guilty verdict on an indictment
charging several acts in the conjunctive . . . the verdict
stands if the evidence is sufficient with respect to any one of
the acts charged").[4]  Just as in Griffin and Turner, factually
insufficient alternatives were removed on appeal, but the
conviction may nonetheless be sustained.

### C.

Walters and Seider are not to the contrary.  The crux of
those opinions was that the members' exceptions and
substitutions on the findings worksheet implicitly meant that
the factfinder had found that the accused was not guilty of some
of the acts alleged at trial.  Nothing in Walters or Seiders

---

[4] We note that a different analysis would apply in a case where a
possible basis for conviction was either illegal or
unconstitutional.  See Stromberg v. California, 283 U.S. 359,
367-68 (1931).

10

addresses the argument advanced by Appellant today -- that a general verdict on an "on divers occasions" charge cannot be changed into a single act on appeal when the general verdict was reached without exception by the factfinder.[5]

Last year, in Brown, we revisited the general verdict concept, that time in an instance where the accused was charged with rape under a theory of acting either as a principal or aider and abettor.[6] 65 M.J. at 358. The members in that case, instead of returning a general verdict, found the accused guilty of a lesser included offense of indecent assault, without stating on which of the alternative theories the lesser included offense was based. Id. In affirming the conviction, we repeated our holding in United States v. Vidal, 23 M.J. 319, 325 (C.M.A. 1987): "'It makes no difference how many members chose one act or the other, one theory of liability or the other. The only condition is that there be evidence sufficient to justify a finding of guilty on any theory of liability submitted to the members.'" Brown, 65 M.J. at 359.

---

[5] As the specification was charged, Appellant could be sentenced to a maximum of five years of confinement, rather than the fifteen available had the acts been charged individually. Appellant did not request a bill of particulars and the members were instructed by the military judge on the process for making findings using exceptions and substitutions.

[6] In Rodriguez, the members were presented with three distinct criminal acts. Each of them or any combination thereof, as with the alternative theories of liability in Brown, provided each member with a basis for convicting Appellant.

United States v. Rodriguez, No. 07-0685/AF

The rule from Walters and Seider applies "only in those 'narrow circumstance[s] involving the conversion of a "divers occasions" specification to a "one occasion" specification through exceptions and substitutions'" by the members.  Brown, 65 M.J. at 358 (quoting Walters, 58 M.J. at 396).  An unadulterated, unobjected-to, general verdict implicitly contains a verdict of guilt as to each underlying act and the CCA did not err in exercising its factual and legal review pursuant to Article 66, UCMJ, here.

## Decision

The decision of the United States Air Force Court of Criminal Appeals is affirmed.

United States v. Rodriguez, No. 07-0685/AF

ERDMANN, Judge (dissenting):

Because I view this court's precedent in United States v. Walters, 58 M.J. 391 (C.A.A.F. 2003), and United States v. Seider, 60 M.J. 36 (C.A.A.F. 2004), as controlling in this case, I respectfully dissent.

This case presents a slight variation on the principle established in Walters. In both Walters and this case the appellants had been charged with wrongful use of drugs on divers occasions. See 58 M.J. at 392. In Walters the members of the panel issued a general verdict, by exceptions and substitutions, finding him guilty of one unidentified occasion and not guilty of "divers occasions." 58 M.J. at 394. The crux of this court's holding was that the panel's action resulted in an ambiguous verdict which prevented the Court of Criminal Appeals (CCA) from conducting a review for factual sufficiency. Walters, 58 M.J. at 396; see also United States v. Augspurger, 61 M.J. 189, 190 (C.A.A.F. 2005); Seider, 60 M.J. at 38.

In this case the members issued a general verdict finding Rodriguez guilty of wrongful use on divers occasions. The CCA, in performing its unique factual sufficiency review under Article 66(c), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 866 (2000), was convinced beyond a reasonable doubt that Rodriguez used marijuana on only one specific occasion and struck the "on divers occasions" language. The issue before

this court is whether the CCA, in performing its factual

sufficiency review, could make a factual finding that Rodriguez

used marijuana on a specific occasion when it was impossible for

the CCA to determine whether the members had found Rodriguez

guilty of wrongful use on that specific occasion.

The majority acknowledges what the Government concedes --

there is no way for this court or the CCA to determine whether

the members found Rodriguez guilty of the single occasion of

wrongful use of marijuana affirmed by the CCA.[1]  The majority

initially distinguishes Walters on the grounds that the members

there found him not guilty of "divers occasions" and the members

here found Rodriguez guilty of "divers occasions."  United

States v. Rodriguez, __ M.J. __ (8-10) (C.A.A.F. 2008).  But

that distinction does not eliminate the basic issue before the

court -- whether the CCA can find as fact an allegation in a

charge without knowing whether the members found the accused

guilty or not guilty of the same alleged conduct.

In affirming the CCA, the majority relies on the common law

presumption that "when the factfinder returns a guilty verdict

---

[1] The CCA affirmed only the marijuana use occasion testified to by Maldonado.  United States v. Rodriguez, No. ACM 36455, 2007 CCA LEXIS 254, at *7-*8, 2007 WL 2035048, at *2-*3 (A.F. Ct. Crim. App. June 26, 2007) (unpublished).  It is plausible that the members rejected this occasion as Maldonado was also the sole witness for a wrongful use of cocaine charge, of which the panel found Rodriguez not guilty.

United States v. Rodriguez, No. 07-0685/AF

on an indictment charging several acts, the verdict stands if the evidence is sufficient with respect to any one of the acts charged." Rodriguez, __ M.J. __ (9) (citation omitted). The CCA in Walters upheld the conviction by applying this common law principle, which was recognized by Griffin v. United States, 502 U.S. 46 (1991).[2] In Walters this court rejected the common law argument relied on by the CCA in that case, and by the majority here, finding that the Air Force court erred when it "relied on 'the common-law rule regarding general verdicts'" noting that the "Courts of Criminal Appeals' appellate review authority flows from Article 66(c), not the common law." Walters, 58 M.J. at 395.[3] I do not see the distinction in this case that would justify departing from our treatment of this common law rule in Walters.

The common law rule relied upon by the majority arose in a system where appellate courts did not have fact-finding

---

[2] It was settled law in England before the Declaration of Independence, and in this country long afterwards, that a general jury verdict was valid so long as it was legally supportable on one of the submitted grounds -- even though that gave no assurance that a valid ground, rather than an invalid one, was actually the basis for the jury's action.

United States v. Walters, 57 M.J. 554, 556 (A.F. Ct. Crim. App. 2002) (quoting Griffin v. United States, 502 U.S. 46, 49 (1991).
[3] "While there are instances in military law where common law principles are applicable, the center of gravity for the Courts of Criminal Appeals is their statutory review function under Article 66(c) . . . ." United States v. Walters, 58 M.J. 391, 395 (C.A.A.F. 2003).

authority.  In contrast, the structure established in Article 66(c), UCMJ, requires the CCAs to conduct a unique factual sufficiency review.  As recognized by this court, however, that factual review is subject to a critical limitation:  "A Court of Criminal Appeals cannot find as fact any allegation in a specification for which the fact-finder below has found the accused not guilty."  Walters, at 395 (citations omitted).[4]  As the CCA could not determine which occasions of marijuana use the members found Rodriguez guilty or not guilty of, the same ambiguity that existed in Walters exists here.

Nor do I find this court's recent decision in United States v. Brown, 65 M.J. 356 (C.A.A.F. 2007), to be applicable to these facts.  In Brown, the uncertainty in the verdict lay in what the members believed about the means by which the charged offense had been committed.  Brown, 65 M.J. at 357-58.  Here, the uncertainty does not involve merely an alternative theory of liability for a single offense, rather it involves which of the divers occasions the members found Rodriguez guilty of.[5]

---

[4] The majority's application of the common law rule would be well-taken in our civilian court system where appellate courts generally do not have fact-finding authority similar to that of the military Courts of Criminal Appeals.  See Walters, 58 M.J. at 395 n.4.

[5] Brown was charged with a single incident of rape and this court held that "[a] factfinder may enter a general verdict of guilt even when the charge could have been committed by two or more means, as long as the evidence supports at least one of the means beyond a reasonable doubt."  65 M.J. at 359.  This case

4

Finally, despite the Government's warnings of dire consequences, application of the Walters holding to this case and others like it would not create undue administrative hurdles in cases involving divers occasions of wrongful use of drugs. The Government is obviously aware of the "divers occasions" it intends to prove at trial and should be required to list all of the alleged occasions of wrongful use in the context of one specification, as is commonly done with bad checks under Article 123a, UCMJ, 10 U.S.C. § 923a (2000). Under this method, the findings worksheet would include the alleged occasions of use and the military judge could then instruct the panel to indicate which of the occasions it has found the accused guilty of. This would ensure not only that the accused is fully informed of the specific instances he or she must defend against, it would also allow the CCA to be fully informed of those occasions where the accused has been found guilty and those occasions where the accused has been acquitted.

I would reverse the decision of the United States Air Force Court of Criminal Appeals as to this specification and order that the finding of guilty be set aside.

---

involves which criminal act the members found Rodriguez guilty of rather than which alternative means were used to commit a single criminal act.