ERDMANN, Judge
(dissenting):
Because I view this court’s precedent in United States v. Walters, 58 M.J. 391 (C.A.AF.2003), and United States v. Seider, 60 M.J. 36 (C.A.A.F.2004), as controlling in this case, I respectfully dissent.
This case presents a slight variation on the principle established in Walters. In both Walters and this case the appellants had been charged with wrongful use of drugs on divers occasions. See 58 M.J. at 392. In Walters the members of the panel issued a general verdict, by exceptions and substitutions, finding him guilty of one unidentified occasion and not guilty of “divers occasions.” 58 M.J. at 394. The crux of this court’s holding was that the panel’s action resulted in an ambiguous verdict which prevented the Court of Criminal Appeals (CCA) from conducting a review for factual sufficiency. Walters, 58 M.J. at 396; see also United States v. Augspurger, 61 M.J. 189, 190 (C.A.A.F.2005); Seider, 60 M.J. at 38.
In this case the members issued a general verdict finding Rodriguez guilty of wrongful use on divers occasions. The CCA, in performing its unique factual sufficiency review under Article 66(c), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 866 (2000), was convinced beyond a reasonable doubt that Rodriguez used marijuana on only one specific occasion and struck the “on divers occasions” language. The issue before this court is whether the CCA, in performing its factual sufficiency review, could make a factual finding that Rodriguez used marijuana on a specific occasion when it was impossible for the CCA to determine whether the members had found Rodriguez guilty of wrongful use on that specific occasion.
The majority acknowledges what the Government concedes — there is no way for this court or the CCA to determine whether the members found Rodriguez guilty of the single occasion of wrongful use of marijuana *206 affirmed by the CCA.[1] The majority initially distinguishes Walters on the grounds that the members there found him not guilty of “divers occasions” and the members here found Rodriguez guilty of “divers occasions.” United States v. Rodriguez, 66 M.J. at 203-04 (C.A.A.F.2008). But that distinction does not eliminate the basic issue before the court — whether the CCA can find as fact an allegation in a charge without knowing whether the members found the accused guilty or not guilty of the same alleged conduct.
In affirming the CCA, the majority relies on the common law presumption that “when the factfinder returns a guilty verdict on an indictment charging several acts, the verdict stands if the evidence is sufficient with respect to any one of the acts charged.” Rodriguez, 66 M.J. at 204 (citation omitted). The CCA in Walters upheld the conviction by applying this common law principle, which was recognized by Griffin v. United States, 502 U.S. 46, 112 S.Ct. 466, 116 L.Ed.2d 371 (1991).[2] In Walters this court rejected the common law argument relied on by the CCA in that case, and by the majority here, finding that the Air Force court erred when it “relied on ‘the common-law rule regarding general verdicts’ ” noting that the “Courts of Criminal Appeals’ appellate review authority flows from Article 66(e), not the common law.” Walters, 58 M.J. at 395.[3] I do not see the distinction in this case that would justify departing from our treatment of this common law rule in Walters.
The common law rule relied upon by the majority arose in a system where appellate courts did not have fact-finding authority. In contrast, the structure established in Article 66(c), UCMJ, requires the CCAs to conduct a unique factual sufficiency review. As recognized by this court, however, that factual review is subject to a critical limitation: “A Court of Criminal Appeals cannot find as fact any allegation in a specification for which the fact-finder below has found the accused not guilty.” Walters, at 395 (citations omitted).[4] As the CCA could not determine which occasions of marijuana use the members found Rodriguez guilty or not guilty of, the same ambiguity that existed in Walters exists here.
Nor do I find this court’s recent decision in United States v. Brown, 65 M.J. 356 (C.A.A.F.2007), to be applicable to these facts. In Broum, the uncertainty in the verdict lay in what the members believed about the means by which the charged offense had been committed. Broum, 65 M.J. at 357-58. Here, the uncertainty does not involve merely an alternative theory of liability for a single offense, rather it involves which of the divers occasions the members found Rodriguez guilty of.[5]
*207 Finally, despite the Government’s warnings of dire consequences, application of the Walters holding to this case and others like it would not create undue administrative hurdles in cases involving divers occasions of wrongful use of drugs. The Government is obviously aware of the “divers occasions” it intends to prove at trial and should be required to list all of the alleged occasions of wrongful use in the context of one specification, as is commonly done with bad checks under Article 123a, UCMJ, 10 U.S.C. § 923a (2000). Under this method, the findings worksheet would include the alleged occasions of use and the military judge could then instruct the panel to indicate which of the occasions it has found the accused guilty of. This would ensure not only that the accused is fully informed of the specific instances he or she must defend against, it would also allow the CCA to be fully informed of those occasions where the accused has been found guilty and those occasions where the accused has been acquitted.
I would reverse the decision of the United States Air Force Court of Criminal Appeals as to this specification and order that the finding of guilty be set aside.

. The CCA affirmed only the marijuana use occasion testified to by Maldonado. United States v. Rodriguez, No. ACM 36455, 2007 CCA LEXIS 254, at *7-S:8, 2007 WL 2035048, at *2-*3 (A.F.Ct.Crim.App. June 26, 2007) (unpublished). It is plausible that the members rejected this occasion as Maldonado was also the sole witness for a wrongful use of cocaine charge, of which the panel found Rodriguez not guilty.

. It was settled law in England before the Declaration of Independence, and in this country long afterwards, that a general jury verdict was valid so long as it was legally supportable on one of the submitted grounds — even though that gave no assurance that a valid ground, rather than an invalid one, was actually the basis for the jury’s action.
United States v. Walters, 57 M.J. 554, 556 (A.F.Ct. Crim.App.2002) (quoting Griffin v. United States, 502 U.S. 46, 49, 112 S.Ct. 466, 116 L.Ed.2d 371 (1991)).

. "While there are instances in military law where common law principles are applicable, the center of gravity for the Courts of Criminal Appeals is their statutory review function under Article 66(c)....” United States v. Walters, 58 M.J. 391, 395 (C.A.A.F.2003).

. The majority’s application of the common law rule would be well-taken in our civilian court system where appellate courts generally do not have fact-finding authority similar to that of the military Courts of Criminal Appeals. See Walters, 58 M.J. at 395 n. 4.

. Brown was charged with a single incident of rape and this court held that “[a] factfinder may enter a general verdict of guilt even when the charge could have been committed by two or more means, as long as the evidence supports at least one of the means beyond a reasonable doubt.” 65 M.J. at 359. This case involves which criminal act the members found Rodriguez guilty of rather than which alternative means were used to commit a single criminal act.