# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
YOB, LIND, and KRAUSS
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Sergeant CHRISTOPHER R. DARBYSHIRE**
**United States Army, Appellant**

ARMY 20110026

Headquarters, Fort Hood (convened)
Headquarters, III Corps and Fort Hood (action)
James L. Varley, Military Judge
Colonel Phillip N. Foster, Staff Judge Advocate (pretrial)
Colonel Stuart W. Risch, Staff Judge Advocate (post-trial)

For Appellant: Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Jacob D. Bashore, JA; Captain Jack D. Einhorn, JA (on brief).

For Appellee: Colonel John P. Carrell, JA; Major Catherine L. Brantley, JA; Captain T. Campbell Warner, JA (on brief).

8 November 2013

------------------------------------
SUMMARY DISPOSITION
------------------------------------

KRAUSS, Judge:

A special court-martial composed of officer and enlisted members convicted appellant, contrary to his pleas, of one of five alleged specifications of assault consummated by a battery in violation of Article 128, Uniform Code of Military Justice, 10 U.S.C. § 928 (2006) [hereinafter UCMJ]. The panel sentenced appellant to a bad-conduct discharge and reduction to the grade of E-1. The convening authority approved the adjudged sentence.

This case is before the court for review under Article 66, UCMJ. Appellant assigns two errors, asserting the evidence is legally and factually insufficient to support his convictions and that relief for excessive post-trial delay is warranted. We disagree.

DARBYSHIRE— ARMY 20110026

        In one of the specifications, appellant was charged with committing an assault consummated by a battery by unlawfully striking his wife on the face with his hand. The court-martial found appellant guilty of unlawfully striking his wife on the face, but not guilty of the words "with his hand," substituting nothing in place of the excepted words. Appellant argues that the conviction must fail because the government never produced evidence proving appellant struck his wife with anything other than his hand. Though this argument holds some appeal, it fails in light of the fact that the particular manner of assault consummated by a battery is not an element of the offense; that panels are free to render general verdicts in this context; and that what remains in this case is a complete finding of guilty on each essential element of the offense.[*] *See United States v. Brown*, 65 M.J. 356, 359 (C.A.A.F. 2007). Appellant did bodily harm to his wife by striking her in the face and did so unlawfully. *See Manual for Courts-Martial, United States* (2008 ed.), pt. IV, ¶ 54.b(2).

        Appellant's complaint over post-trial delay also fails. Though the delay was excessive and unexplained until review before this court, appellant's failure to complain at the time and his positive request for imposition of a bad-conduct discharge at trial renders relief unwarranted under the circumstances of this case. *See United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002); *United States v. Ney*, 68 M.J. 613, 616-17 (Army Ct. Crim. App. 2010)

        The findings of guilty and the sentence are AFFIRMED.

        Senior Judge YOB and Judge LIND concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[*] One reasonable interpretation of the record is that the panel excepted the words "with his hand" from the finding because the trial counsel never asked the victim how appellant hit her or with what. Nevertheless, the record is abundantly clear that appellant did indeed strike his wife in the face, and the evidence sufficient to establish that he did so unlawfully. *See United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002).