CORRECTED COPY

# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MORRIS, JUETTEN, and MURDOUGH
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Private E1 KIASHAUN J. WILLIAMS-CLARK**
**United States Army, Appellant**

ARMY 20230185

Headquarters, Fort Stewart
Albert G. Courie III and Amy S. Fitzgibbons, Military Judges
Colonel Tanasha N. Stinson, Staff Judge Advocate

For Appellant: Captain Andrew W. Moore, JA (argued); Colonel Philip M. Staten, JA; Captain Patrick R. McHenry, JA; Captain Andrew W. Moore, JA (on brief).

For Appellee: Captain Meghan E. Moore, JA (argued); Colonel Richard E. Gorini, JA; Major Elizabeth G. Vandyck, JA; Captain Meghan E. Moore, JA (on brief).

25 March 2026

---------------------------------
MEMORANDUM OPINION
---------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

MURDOUGH, Judge:

Fundamental due process requires that the accused know the offense and legal theory for which they may be (or were) convicted. When a guilty verdict is ambiguous, we are not able to independently review a trial record to determine for ourselves which possible instance is most likely the basis for the conviction. We cannot perform our statutorily-required appellate review of an ambiguous verdict and must set aside the conviction.

A military judge, sitting as a general court-martial, convicted appellant, contrary to his pleas, of one specification of rape of one victim and one specification of sexual assault without consent of a second victim, both in violation of Article

120, Uniform Code of Military Justice, 10 U.S.C. § 920 [UCMJ].[1] Pertinent to our resolution of his appeal, the military judge also found appellant not guilty of one specification of sexual assault when the victim was incapable of consenting regarding the second victim. The military judge sentenced appellant to a dishonorable discharge and seven years of confinement.

Appellant submits that his sexual assault conviction is fatally ambiguous. We agree and in our decretal paragraph, set aside this finding of guilt, dismiss this specification, and reassess the sentence.[2]

## BACKGROUND[3]

Appellant invited the victim and her friend, both of whom were servicemembers under the age of twenty-one, to come to his apartment and drink alcohol. After the pair arrived at the appellant's residence, appellant took a shot of vodka with them then left to go out with friends. The victim and her friend remained at appellant's apartment and continued drinking, ordered food, and listened to music while he was gone. At some point, while watching a movie, the victim's friend fell asleep on the couch she and the victim were sharing.

Appellant came home and invited the victim to sit with him on the other couch. Appellant told the victim she could sleep in his room and offered her a t-shirt to sleep in. She agreed, went to his room, and took off her tank top to put on the t-shirt. While she was doing so, appellant removed the victim's bra, and the victim "fell over onto the bed." Appellant removed the victim's shoes and leggings while the victim began to cry. It is unclear if appellant was aware she was crying. He then moved her underwear aside and penetrated her vulva with his penis. The victim continued to cry and told appellant that "it hurt." He finished by ejaculating

---

[1] The court-martial also convicted appellant of another specification of sexual assault involving the same victim as the rape specification. This specification was conditionally dismissed, conditioned on the rape specification surviving appellate review.

[2] Our resolution of the first assignment of error moots the other assignments of error related to the sexual assault conviction. We have given full and fair consideration to the appellant's remaining assignments of error, as well as the issues the appellant personally submitted pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and determine they merit neither discussion nor relief.

[3] We discuss only the factual background related to the specification at issue in this opinion. We do not include the facts of the rape conviction, which involved a separate, unrelated event involving a different victim and as noted *supra* merits neither discussion nor relief.

onto her back and warned the victim against "waking up the next morning and crying rape," lest she be ostracized by her unit.

Appellant left the room. The victim separately left the room to check on her sleeping friend. She then went to the bathroom. Sometime later, she returned to the bedroom, though she did not remember how she returned there. Her next memory was when she "woke up" to the appellant on top of her, again penetrating her vulva with his penis. She testified that she started "humming" at one point, but she did not otherwise respond to appellant's words or actions. She lost consciousness again, though she remembered him ejaculating on her stomach before he wiped it off with a piece of toilet paper. She remembered him going to the bathroom but did not remember anything else until the next morning when she gathered her clothes, woke her friend, and they left.

Regarding this victim, appellant was charged with one specification of sexual assault by committing a sexual act without the victim's consent and one specification of sexual assault by committing a sexual act when the victim was incapable of consenting due to impairment by alcohol. *See* UCMJ art. 120(b)(2)(A); art. 120(b)(3)(A). Neither specification alleged that the appellant committed or possibly committed the act on more than one occasion.[4]

In closing argument, the trial counsel argued, "The government is charging this as without consent and as intoxication. We believe the court can consider both charge [sic] for the entire transaction and occurrence, without consent, right." Regarding this victim, the military judge found the appellant guilty of sexual assault without consent and not guilty of sexual assault while the victim was incapable of consenting. Neither party requested, and the military judge did not make, special findings.[5]

## LAW AND DISCUSSION

The parties' respective positions require us to choose between divergent legal doctrines: fatally ambiguous verdicts and the general verdict rule. Whether the verdict is ambiguous is a question of law we review de novo. *United States v. Ross*, 68 M.J. 415, 417 (C.A.A.F. 2010) (citation omitted). Both parties' arguments are fairly supported by the record and articulate correct legal principles. They present us the question of which rule to apply to the facts of this case – do we have a general verdict, or do we have a fatally ambiguous verdict? If the former, the government

---

[4] There is no indication in the record that the appellant sought a bill of particulars. The defense's theory of the case was that the victim consented to both sexual acts.

[5] *See generally* Rule for Courts-Martial 918(b); *see also United States v. Bailey*, 84 M.J. 754, 756 (Army Ct. Crim. App. 2024).

3

prevails; if the latter, appellant. To answer this, we carefully examine the jurisprudence of our superior court, the Court of Appeals for the Armed Forces [CAAF], applying and interpreting both doctrines.

*A. Ambiguous verdicts versus general verdicts*

An ambiguous verdict exists where findings of guilty and not guilty have been entered by the court-martial for an offense, but it is unclear which facts correspond to which finding. "Where the findings do not disclose the . . . occasion on which the conviction is based, the Court of Criminal Appeals cannot conduct a factual sufficiency review . . . because it cannot determine which occasion the servicemember was acquitted of." *United States v. Trew*, 68 M.J. 364, 368 (C.A.A.F. 2010) (quoting *United States v. Augspurger*, 61 M.J. 189, 190 (C.A.A.F. 2005)). Doing so would create the risk that the reviewing court "would affirm a finding of guilty based on an incident of which the appellant had been acquitted of by the factfinder at trial." *Id.* at 369 (internal quotation marks omitted) (citation omitted).

In *United States v. Walters*, an airman had been charged with wrongful use of a controlled substance[6] "on divers occasions." 57 M.J. 554, 555 (A.F. Ct. Crim. App. 2002), rev'd, 58 M.J. 391 (C.A.A.F. 2003). The trial court convicted that appellant, excepting the words "on divers occasions" and substituting therefor the words "on one occasion." *Id.* The Air Force Court of Criminal Appeals affirmed, citing the general verdict rule: "that a general jury verdict was valid so long as it was legally supportable on one of the submitted grounds." *Id.* at 556 (quoting *Griffin v. United States*, 502 U.S. 46, 49 (1991)). The CAAF reversed, distinguishing *Griffin* based on the facts of the case as well as the nature and scope of military appellate courts' review: "None of the 'common law' authority relied upon by the lower court involve an appellate review that simultaneously requires an independent determination of guilt beyond a reasonable doubt and which prohibits a finding of guilty for conduct for which the Appellant was acquitted at the trial level."[7] *United States v. Walters*, 58 M.J. 391, 396 (C.A.A.F. 2003).

---

[6] *See* UCMJ art. 112a.

[7] At the time, Article 66, UCMJ, provided for a plenary factual sufficiency review in all cases. Though the modern Article 66 constrains the scope, one component of our current factual sufficiency review still requires us to determine whether the evidence of record amounts to proof beyond a reasonable doubt. *See United States v. Harvey*, 85 M.J. 127, 132 (C.A.A.F. 2024) (as a component of whether a court of criminal appeals (CCA) is "'clearly convinced that the finding of guilty was against the weight of the evidence' . . . . the CCA must decide that the evidence, *as the CCA has weighed it*, does not prove that the appellant is guilty beyond a reasonable doubt." (emphasis in original) (quoting UCMJ art. 66(d)(1)(B)(iii)). We conclude that *Walters* remains viable authority.

4

Conversely, our superior court applied *Griffin* and upheld a conviction under the general verdict rule in *United States v. Brown*, 65 M.J. 356, 360 (C.A.A.F. 2007). The general verdict rule recognizes that the factfinder "does not specify how the law applies to the facts" or "the reasons for its decision to convict or acquit." *Id.* at 359 (quoting *United States v. Hardy*, 46 M.J. 67, 73 (C.A.A.F. 1997)). Because of this, the CCA can affirm a finding of guilty, "even when the charge could have been committed by two or more means, as long as the evidence supports at least one of the means beyond a reasonable doubt," *id.* (citing *Griffin*, 502 U.S. at 49-51), given "the presumption that the verdict attaches to each of the several alternative theories charged." *United States v. Rodriguez*, 66 M.J. 201, 204 (C.A.A.F. 2008) (citation omitted).

The general verdict rule can apply to situations where appellant could have committed the charged offense via numerous means. *E.g.*, *Brown*, 65 M.J. at 359 (holding the military judge's instruction, allowing the panel to find appellant guilty of indecent assault[8] under three different factual scenarios—inserting his penis, fingers, or both into the victim's vagina—was proper under the general verdict rule). It can even apply to situations where the appellant's role in the crime differs. *E.g.*, *United States v. Vidal*, 23 M.J. 319, 324-25 (C.M.A. 1987) (finding no ambiguity where appellant was charged with a single specification of rape and the government offered proof of guilt under both principal and aider and abettor theories). The critical distinction lies in "whether a fact constitutes an element of the crime charged, or a method of committing it." *Brown*, 65 M.J. at 359. This rule is subject to the important limitation that the "appellate court cannot affirm a criminal conviction on the basis of a theory of liability not presented to the trier of fact." *United States v. Nicola*, 78 M.J. 223, 227 (quoting *United States v. Ober*, 66 M.J. 393, 405 (C.A.A.F. 2008)).

Though *Brown* did not expressly overrule *Walters*, the CAAF in that case stated, "*Walters* applies only in those narrow circumstances involving the conversion of a divers occasions specification to a one occasion specification through exceptions and substitutions." 65 M.J. at 358 (cleaned up). The succeeding caselaw has generally followed this narrow construction of the *Walters* ambiguous verdict rule.

In *United States v. Wilson*, "evidence of multiple incidents of rape was presented at trial," one in a bedroom and one in a bathroom, and the military judge entered findings by exception, acquitting the appellant of the words "on divers occasions." 67 M.J 424, 428 (C.A.A.F. 2009). The CAAF, similar to its decision in *Walters*, held that this finding was fatally ambiguous, because "the record d[id] not contain either substituted language or a statement on the record that would identify whether the military judge convicted Appellant of rape for the bathroom incident or

---

[8] *See* Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (2000).

the bedroom incident." *Id.* But in *United States v. Nicola*, the CAAF applied the general verdict rule and upheld a conviction for a single specification of indecent viewing[9] even though the government presented evidence at trial of two viewings – one in a barracks room and one in a shower. 78 M.J. at 226 ("We can affirm the finding of guilt if either theory is legally sufficient.").

*United States v. Rosario* clarified the *Walters* holding and held that "a Court of Criminal Appeals is not necessarily precluded from considering the evidence that was introduced in support of the charge for which appellant was acquitted . . . . Defendants are generally acquitted of offenses, not of specific facts, and thus to the extent facts form the basis for *other offenses*, they remain permissible for appellate review." 76 M.J. 114, 117 (C.A.A.F. 2017) (emphasis added). Therefore, in *Nicola* the appellant's acquittal of sexual assault in the shower did not preclude consideration of those facts when determining he was properly convicted of indecent viewing in the shower. 78 M.J. at 230. But *Rosario* reiterated *Wilson*'s holding that "double jeopardy principles prohibit a reviewing court from rehearing any *incidents* for which the accused was found not guilty." 76 M.J. at 118 (alteration omitted) (emphasis added) (quoting *Wilson*, 67 M.J. at 428) (distinguishing between cases where "the fact patterns of the convicted and acquitted behaviors overlapped but were not identical.").

### B. The parties' contrasting positions and our resolution

Appellant's primary argument is that the sexual assault conviction must be set aside as an ambiguous verdict, citing to, *inter alia*, *Walters* and *Wilson*. Alternatively, appellant further argues that the conviction is legally and factually insufficient, relying in part on *United States v. Mendoza*, 85 M.J. 213, 220 (C.A.A.F. 2024), because the appellant was convicted of sexual assault without consent, but the government presented evidence of sexual assault upon a person who was asleep, which was not charged.[10] *Compare* UCMJ art. 120(b)(2)(A), *with* UCMJ art. 120(b)(2)(B).

Before this court, the government initially responded to appellant's twin arguments by averring that the findings were not ambiguous, because *only* one of the two sexual acts could sustain a conviction for sexual assault without consent under *Mendoza* – that is, the first act, during which the victim was alert and able to communicate that "it hurt." Essentially, the government agreed with appellant's analytical framework but argued that, under *Mendoza*, the second sexual act could

---

[9] *See* UCMJ art. 120c.

[10] Because we resolve this appeal in appellant's favor on the question of ambiguity, we are not able to perform a legal and factual sufficiency review of this conviction and therefore do not reach these assignments of error.

not legally sustain a conviction for sexual assault without consent because the victim was asleep or otherwise incapable of consenting, thus the verdict was not ambiguous because the first sexual act was the only possible incident that met the elements of the specification. *See* 85 M.J. at 220.[11]

At oral argument, the government expressly abandoned that position, asserting instead that either sexual act would be legally and factually sufficient to sustain a conviction for sexual assault without consent in light of our superior court's recent decision in *United States v. Moore*, __M.J. __, 2026 CAAF LEXIS 161 (C.A.A.F. 13 Feb. 2026). The government, as in its initial brief to this court, continues to aver that we can and should affirm appellant's sexual assault conviction under the general verdict rule, citing to, *inter alia*, *Nicola*. The government further argues what trial counsel implicitly suggested in closing argument: that the two sexual assault specifications, without consent and incapable of consenting, were charged in the alternative.

As the parties fairly argue, both *Nicola* and *Wilson* are factually similar to this case – the government presented evidence of multiple acts, yet the court returned a finding of guilty for only one offense. However, one crucial distinction leads us to conclude that the *Walters* line of cases controls: the parallel acquittal for sexual assault when the victim is incapable of consenting.

In distinguishing *Walters*, the CAAF in *Brown* noted: "In this case, the Government neither alleged multiple offenses occurring on 'divers occasions' in a single specification, *nor multiple rapes based on the evidence presented.*" 65 M.J. at 358 (emphasis added). *Walters*, on the other hand, acknowledged a distinction between "uncertainty over what specific conduct may have served as the basis for a jury's general verdict of guilty" and "the legal effect of uncertainty over what specific conduct may have served as the basis for a jury's verdict of not guilty." 58 M.J. at 396 (citations omitted); *accord Wilson*, 67 M.J. at 428 ("Double jeopardy principles prohibit a reviewing court from rehearing any incidents for which the accused was found not guilty." (citations omitted)).

In this case, the military judge did more than just convict appellant of sexual assault without consent. She also acquitted him of sexual assault when the victim was incapable of consenting. Both specifications alleged sexual acts that occurred in the same place, on the same day, and perpetrated against the same victim. *Brown*

---

[11] While we cannot independently determine which of several possible events "most likely formed the basis of the conviction," to resolve an otherwise fatal ambiguity, we "may review the record to determine if there is only a single possible incident that meets all the details of the specification for which appellant was convicted." *Wilson*, 67 M.J. at 428-29 (first citing *Augspurger*, 61 M.J. at 192-93; and then citing *United States v. Scheurer*, 62 M.J. 100, 111-12 (C.A.A.F. 2005)).

suggests that the *Walters* line of cases controls in a situation where "multiple rapes" (or sexual assaults, as it were) are both charged and presented to the trier of fact as separate incidents, resulting in both guilty and not guilty findings. *See* 65 M.J. at 358 ("We also held [in *Walters*] that double jeopardy principles and 'the inability to identify and segregate those instances of alleged use of which Appellant was acquitted from the 'one occasion' that served as a basis for the guilty finding effectively prevented any rehearing.'" (cleaned up)). And we do not see a functional difference between a finding of "not guilty" entered as in *Walters*, when the words "divers occasions" are excepted, and the case we have here, where the not guilty finding is to a separate specification that otherwise alleges the same factual basis for the crime.

Underpinning this ambiguity is the fact that the government itself has vacillated on its theory of the case. The government deliberately charged two instances of sexual assault and deliberately presented evidence of two distinct sexual acts, but the trial counsel argued that both sexual acts amounted to a single, continuing transaction – notwithstanding that both participants got up, left the room, and pursued other activities before separately returning to the room.[12] On appeal, the government initially argued both that they were charged in the alternative and that only one sexual act – the first one – was legally sufficient to sustain the conviction under *Mendoza*. Then the government changed course again at oral argument, arguing that either sexual act could now be sufficient under both *Mendoza* and *Moore*, relying on the general verdict rule to sustain the conviction. Appellant has a constitutional right "to know what offense and under what legal theory he will be tried and convicted." *Mendoza*, 85 M.J. at 220 (quoting *United States v. Riggins*, 75 M.J. 78, 83 (C.A.A.F. 2016)). Even acknowledging the shifting appellate landscape in the time since appellant's trial, if the government cannot consistently maintain the theory under which it seeks to convict appellant, we question how the appellant possibly could know.

---

[12] We have in the past indicated that each sexual act, i.e. each penetration, is a separate crime and not part of a continuous transaction under Article 120, UCMJ. *E.g.*, *United States v. Schupp*, ARMY 20160079, 2017 CCA LEXIS 466, at *3 (Army Ct. Crim. App. 12 Jul. 2017) (summ. disp.), pet. denied, 77 M.J. 42 (C.A.A.F. 2017); *United States v. Batres*, ARMY 20220223, 2024 CCA LEXIS 358 (Army Ct. Crim. App. 23 Aug. 2024) (mem. op.), aff'd, 86 M.J. 152 (C.A.A.F. 2025). Here we need not resolve the question of the appropriate unit of prosecution for sexual assault under Article 120, UCMJ, and under what circumstances multiple penetrations may amount to a single transaction or course of conduct. The participants both left the room and then returned to it after some period of time, establishing a clear break in both time and impulse, and the government before this court agreed that the evidence established two separate sexual acts.

More concerning, we do not know what the military judge did. She may have determined only the evidence of the first sexual act met all the elements of sexual assault without consent *and* disproved all defenses and other fair and rational hypotheses except that of guilt. Or else she may have determined that only evidence of the second sexual act established proof beyond a reasonable doubt, not the first. In either situation, she then concomitantly acquitted appellant of *either* the second or the first sexual act. She may have been of the same view that our superior court would later endorse in *Mendoza*: that "without consent," "incapable of consenting due to impairment," and "asleep"[13] are separate and distinct theories of liability, and thus – as the government initially urged on appeal – acquitted appellant of the second sexual act since the evidence established that the victim was asleep, which was not charged. She may have accepted the government's questionable argument that both sexual acts amounted to a single continuing offense, possibly (but not clearly) charged in the alternative. She may have been satisfied beyond a reasonable doubt – as the government now argues – that *at least* one, maybe both, sexual acts were committed without consent and entered a general finding of guilty to that effect. Then, she acquitted appellant of the parallel specification to avoid producing a multiplicity problem, inadvertently creating a different jeopardy problem. *Cf. United States v. Stewart*, 71 M.J. 38, 43 (C.A.A.F. 2012) ("Even if the members did not first make a decision on Specification 1 before considering Specification 2 . . . they were placed in the untenable position of finding [appellant] both guilty and not guilty of the same offense. . . .[making] it impossible for the CCA to conduct a factual sufficiency review of Specification 2 without finding as fact the same facts the members found [appellant] not guilty of in Specification 1.").

This menu of possible explanations underscores our fundamental, unresolvable dilemma—we do not know of which act or acts appellant was found guilty and of which he was found not guilty. The circumstances giving rise to the pertinent specifications featured two separately chargeable sexual acts, occurring on the same day, at the same location, and with the same victim. We are "unsure how to avoid the risk of mistakenly affirming a guilty finding for alleged conduct that resulted in acquittal." *United States v. Martinezcolon*, 83 M.J. 700, 701 (Army Ct. Crim. App. 2023) (citing UCMJ art. 66(d)(1)), pet. denied, 83 M.J. 493 (C.A.A.F. 2023). And we may not for ourselves "perform an independent review of the record to determine which of the possible incidents most likely formed the basis of the conviction." *Wilson*, 67 M.J. at 428 (citation omitted); *see also United States v. Trew*, 68 M.J. 364, 369 (C.A.A.F. 2010) ("a post-trial session to recast the language of the military judge would amount to a re-assessment of a not guilty verdict in violation of double jeopardy."). The guilty finding for sexual assault is fatally ambiguous, precluding us from proceeding further with our appellate review of this specification, and the only remedy is dismissal. *Id.*

---

[13] *See also United States v. Casillas*, 86 M.J. 94, 102 (C.A.A.F. 2025).

## CONCLUSION

The finding of guilty for Specification 1 of Charge I is SET ASIDE and that Specification is[14] DISMISSED. The findings of guilty for Specification 3 of Charge I and Charge I are AFFIRMED. We AFFIRM only so much of the sentence as extends to a dishonorable discharge and confinement for five years.[15] We order restored all rights, privileges, and property of which appellant may have been deprived by virtue of the finding or the portion of the sentence we have set aside herein.

Senior Judge MORRIS and Judge JUETTEN concur.

FOR THE COURT:

STEVEN P. HAIGHT
Acting Clerk of Court

---

[14] Corrected.

[15] Considering the principles of *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013), we can reassess the sentence, aided by the military judge's use of segmented sentencing. The military judge sentenced appellate to consecutive terms of confinement, two years for the now-dismissed sexual assault specification and five years for the rape specification. We are satisfied that the military judge would have sentenced appellant to at least the same five-year term of confinement for the rape specification as well as the same mandatory dishonorable discharge.